**FILTER FAB, INC., Appellant,**

v.

**Donald DELAUDER and Manchester Lift Truck Serv., Inc., Appellees.**

No. 14–98–00523–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 31, 1999.

Timothy Henderson, Bellaire, for appellant.

Sean Patrick Tracey, Patrick W. Drouihet, Houston, for appellees.

Panel consists of Chief Justice MURPHY and Justices HUDSON and CANNON.*

## OPINION

BILL CANNON, Justice (Assigned).

Filter Fab, Inc., appellant, appeals the trial court's granting of summary judgment in favor of appellees Donald Delauder and Manchester Lift Truck Serv., Inc. For the reasons stated below, we affirm in part and reverse and remand in part.

* Senior Justice Bill Cannon sitting by assignment.

## Background

This case involves a complicated procedural history. Donald Delauder ("Delauder"), was employed by Filter Fab, Inc. ("Filter Fab"). One of Delauder's regular duties was operating a forklift. In October 1994, while Delauder was adjusting the forks on the fork lift he was operating, one of the forks dislodged and fell onto his leg. Delauder was severely injured. Later, it was discovered that the accident was caused by the absence of a "stop" on the slide of the fork lift. The fork lift was owned by Manchester Lift Truck Service, Inc. ("MLT"), and had been rented from MLT by Filter Fab a few days earlier.

At the time of the accident, Filter Fab did not have worker's compensation insurance, nor was it a "self-insurer" as that term is defined by the Texas Worker's Compensation Act.[1] In other words, Filter Fab was a non-subscriber. One week after the accident, Filter Fab approached Delauder and the two parties executed a "Settlement Agreement." Under the terms of this agreement, Filter Fab paid all of Delauder's medical bills as well as lost wages during his recovery. In exchange, Delauder released Filter Fab from all future liability and agreed to assist Filter Fab if it chose to seek restitution against MLT. Finally, in the agreement, Delauder expressed his opinion that Filter Fab was in no way responsible for the accident.

Delauder subsequently brought a suit against MLT alleging negligence and gross negligence. In response, MLT filed a third-party petition against Filter Fab alleging contributory negligence. Filter Fab filed a general denial and also alleged contributory negligence. Furthermore, Filter Fab filed counterclaims against both Delauder and MLT. Against Delauder, Filter Fab asserted a right of subrogation for the money it had paid in medical bills and lost wages. Against MLT, Filter Fab al-

leged breach of contract, DTPA, negligence, and gross negligence. Filter Fab asserted two types of damages against MLT. First, it claimed damages arising out of the rental transaction itself, including lack of productivity of its employee, additional labor costs in replacing Delauder, and the money paid to rent the forklift. Second, Filter Fab claimed damages against MLT for the medical bills and lost wages it had paid to Delauder under the agreement.

Delauder and MLT eventually settled the original lawsuit, leaving only Filter Fab's claims against Delauder and MLT. Both MLT and Delauder filed a motion seeking summary judgment on Filter Fab's claims against them. The trial court granted both motions and this appeal followed. In two issues for review, Filter Fab asserts that the trial court erred in granting the summary judgment motions.

## Discussion

In its counterclaim, Filter Fab asserted causes of action for breach of contract, DTPA, negligence and gross negligence. Against MLT, Filter Fab sought the recovery of two types of damages. First, it asserted the right to recover the lost wages and medical bills it paid Delauder under the terms of the settlement agreement. Second, Filter Fab attempted to recover damages it suffered as a result of the defective condition of the forklift—including the cost of rental and replacement of the forklift and any other consequential damages suffered as a result of the forklift being out of action. Against Delauder, Filter Fab alleged that he had breached his agreement to assist in recovering damages from MLT and sought the recovery of the lost wages and medical bills paid under the terms of the settlement agreement. We will address Filter Fab's claims against the two parties separately.

---

**1.** " 'Certified self-insurer' means a private employer granted a certificate of authority to self-insure, as authorized by this subtitle, for the payment of compensation." Tex. Lab.Code Ann. § 401.011(6) (Vernon 1996).

*Filter Fab's Claims Against MLT*

(1) Lost Wages and Medical Expenses

MLT's motion for summary judgment asserted that Filter Fab was not entitled to recover the lost wages and medical expenses paid by Filter Fab to Delauder under the terms of the settlement agreement. According to MLT, the execution of the settlement agreement between Filter Fab and Delauder elevated Filter Fab to the status of a settling party, thereby precluding any recovery for contribution from MLT. In response, Filter Fab argued that it should not be treated as a joint tortfeasor or a settling party because (1) it was never sued by Delauder, (2) Delauder acknowledged in the settlement agreement that it was not responsible for the accident, and (3) that at the very least a fact issue exists as to whether it was a tortfeasor, and therefore summary judgment was improper.

■■■ Under Texas law it is a well established principle that a joint tortfeasor who settles a lawsuit is not entitled to contribution from other tortfeasors. *See International Proteins Corp. v. Ralston–Purina Co.,* 744 S.W.2d 932, 934 (Tex. 1988). Filter Fab's only argument to this point is that it was never sued by Delauder, and therefore, they cannot be considered a joint tortfeasor. This argument, however, is circular and unpersuasive and ignores one critical point—the sole reason Filter Fab was never sued is because it settled any potential liability immediately following the accident and before Delauder sued anyone. In our opinion, Filter Fab's actions immediately following the accident speak much louder than any of the arguments that it now makes. Filter Fab perceived potential liability as the employer of the injured party, and extinguished that potential liability by paying medical bills and lost wages in exchange for a full release. Therefore, regardless of whether it was an actual party to the lawsuit, we will treat Filter Fab as a settling party. To treat it otherwise would allow Filter Fab to subject MLT to an additional lawsuit for damages that MLT has already paid. Therefore, as a settling party, we hold that Filter Fab is not entitled to contribution from MLT for the lost wages and medical bills paid in accordance with the settlement agreement which it freely executed with Delauder. Filter Fab's complaint regarding the lost wages and medical expenses is overruled.

■ Direct and Consequential Damages

■ Independent from its claims for subrogation, Filter Fab asserted breach of contract and DTPA claims against MLT for the damages it suffered as a result of the delivery of the defective equipment. Filter Fab now contends that the trial court erred in granting summary judgment as to these additional claims. We agree.

There is little doubt that the forklift that MLT delivered to Filter Fab was defective. In its counterclaim, Filter Fab alleged that as a result of the defective condition, it suffered damages in the form of lack of productivity due to the injury of their employee and the amount paid to MLT for the rental of the forklift. These damages are clearly independent of the lost wages and medical expenses that Filter Fab paid to Delauder under the settlement agreement. By asserting these damages, Filter Fab is not trying to recover money paid under the terms of the settlement agreement, but rather, it is attempting to recoup the direct and consequential damages it suffered as a result of the forklift's defective condition. These damages do not fit under the umbrella of expenses paid in accordance with the settlement agreement. Accordingly, Filter Fab has a right to seek recovery of these damages to the extent that they do not include any portion of the money that it paid to Delauder under the settlement agreement. The trial court's granting of summary judgment as to these claims is overruled.

*Filter Fab's Claims Against Delauder*

■ Finally, Filter Fab asserts that it is entitled to recover from Delauder the lost

wages and medical bills it paid him under the terms of the settlement agreement. In essence, Filter Fab asks us to treat it like an innocent insurance company with a right of subrogation, and not like a settling joint tortfeasor with no right to contribution. Filter Fab, however, is neither a third party insurer nor a self-insuring company that would be entitled to subrogation.

As stated earlier, Filter Fab was a nonsubscriber to workers compensation at the time of the accident. For whatever reason, Filter Fab voluntarily paid Delauder's medical expenses and lost wages in exchange for a full and complete release from any future liability. The settlement agreement does not give Filter Fab the right to later recover the amount paid under the agreement from the settlement between Delauder and MLT, nor does Filter Fab derive any such right from a status as an insurer, which it is clearly not. The only obligation that Delauder has under the agreement is to assist Filter Fab in its attempts to recover expenses from MLT. That obligation, however, may not now be expanded to include an obligation for Delauder to repay Filter Fab the money paid to him under the agreement. In short, Filter Fab is a settling party and has no right of subrogation under the law or under the terms of the settlement agreement which it executed with Delauder. The trial court properly granted Delauder's motion for summary judgment.

The judgment is affirmed in part and reversed and remanded in part.