PARAGON GENERAL CONTRACTORS, INC., Appellant

v.

LARCO CONSTRUCTION, INC. and Guardian Storefront Systems, Inc., Appellees.

No. 05–06–00209–CV.

Court of Appeals of Texas, Dallas.

June 26, 2007.

Chad Berry, Matthew K. Davis, Jones & Davis, L.L.P., Addison, for appellant.

Scott A. Whisler, Monica Palmer, James W. Grau, Grau Koen, P.C., Michelle E. Robberson, R. Douglas Rees, Cooper & Scully, P.C., Dallas, for appellees.

Before Justices MORRIS, FRANCIS, and MAZZANT.

## OPINION

Opinion By Justice MAZZANT.

Paragon General Contractors, Inc. appeals the trial court's grant of summary judgment in favor of Larco Construction, Inc. and Guardian Storefront Systems, Inc. Paragon brings four issues asserting the trial court erred in granting Larco's and Guardian's motions for summary judgment. We affirm the trial court's judgment as to Larco, but we reverse the granting of Guardian's motion for summary judgment and remand four Paragon's five claims against Guardian to the trial court.

## BACKGROUND

Paragon was the general contractor for the construction of an office building in Plano. Paragon engaged various subcontractors, including Larco and Guardian, to construct the building. Paragon's contracts with Larco and Guardian described the scope of the work of each in "Exhibit A" to each contract and in the "contract documents." The contracts contained warranty provisions in which the subcontractors warranted their work would be free from defects due to faulty workmanship or materials. The contracts also contained indemnity provisions in which the subcontractors promised to indemnify Paragon from the consequences of the subcontractors' negligence.

After construction was completed, the owner of the building complained to Paragon that water had penetrated the exterior

of the building, resulting in damage to the interior and mold. Investigation of the problem revealed the water penetration was due to the failure to install flashing around the windows and improper caulking of the windows. Paragon concluded that Larco was responsible for installing the flashing and Guardian was responsible for caulking the windows. Paragon settled with the building's owner before suit was filed by making certain repairs to the building.

After settling with the owner, Paragon sued Larco and Guardian for breach of contract, breach of warranty, negligence, indemnity, and contribution. The breach of contract claim asserted Larco and Guardian breached by not defending and indemnifying Paragon as required by the contract and by not remedying their defective and faulty work as required by the contract. It appears the breach of warranty and negligence claims were based on Larco and Guardian having duties to install flashing and properly caulk the windows and that they breached those duties. Larco and Guardian moved for summary judgment under rule 166a(c) and (i), which the trial court granted.

## STANDARD OF REVIEW

We review the grant of summary judgment de novo. *Tittizer v. Union Gas Corp.*, 171 S.W.3d 857, 860 (Tex.2005). The standard for reviewing a motion for summary judgment under rule 166a(c) is well established. *See Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985). The movant has the burden of showing no genuine issue of material fact exists and it is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex.2005). After the movant has established a right to summary judgment, the burden shifts to the

nonmovant to present evidence creating a fact issue. *Phan Son Van v. Pena*, 990 S.W.2d 751, 753 (Tex.1999); *Troxel v. Bishop*, 201 S.W.3d 290, 296 (Tex.App.-Dallas 2006, no pet.). When reviewing a summary judgment, we take as true all competent evidence favorable to the non-movant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor. *Diversicare Gen. Partner, Inc.*, 185 S.W.3d at 846; *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex.2005).

A motion for a no-evidence summary judgment under rule 166a(i) is essentially a pretrial motion for directed verdict. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex.2006). Once such a motion is filed, the burden shifts to the nonmoving party to present evidence raising an issue of material fact as to the elements specified in the motion. *Id.* We review the evidence presented by the motion and response in the light most favorable to the party against whom the summary judgment was rendered, crediting evidence favorable to that party if reasonable jurors could, and disregarding contrary evidence unless reasonable jurors could not. *Id.; City of Keller v. Wilson*, 168 S.W.3d 802, 827 (Tex. 2005).

Because the trial court's order granting summary judgment does not specify the basis for the ruling, we must affirm the trial court's judgment if any of the theories advanced are meritorious. *W. Invs., Inc. v. Urena*, 162 S.W.3d 547, 550 (Tex.2005).

## NO–EVIDENCE SUMMARY JUDGMENT

In its first issue, Paragon asserts it presented sufficient evidence of its claims for breach of contract, breach of warranty, and negligence to overcome Larco's and Guardian's no-evidence motions for sum-

mary judgment.[1] Paragon asserted Larco and Guardian were negligent and breached their warranties by failing to install flashing and failing to properly caulk the windows, that they breached the contracts and warranties by failing to remedy their faulty and defective workmanship in not installing flashing and properly caulking the windows, and that they breached the contracts by failing to indemnify Paragon for its cost to repair the building. To overcome the no-evidence motion for summary judgment, Paragon had to present some evidence on each element of its causes of action.

### Breach of Contract

■ The elements for breach of contract are (1) the existence of a valid contract, (2) the plaintiff's performance or tendered performance, (3) the defendant's breach of the contract, and (4) damages as a result of the breach. *Marketshare Telecom, L.L.C. v. Ericsson, Inc.*, 198 S.W.3d 908, 923 (Tex.App.-Dallas 2006, no pet.). Paragon asserted that under the contracts, Larco had the duty to install the flashing that was omitted from the construction and Guardian had the duty to properly caulk the windows. Paragon alleged that Larco and Guardian breached the contract by (1) failing to indemnify Paragon for its repairing their defective work and (2) failing to remedy their defective work as required by the contract.[2] Larco and Guardian asserted in their motions for summary judgment that there was no evidence to prove they breached the contract or that their breach caused damages.

To determine whether Larco and Guardian breached their contracts, we must first determine whether there is some evidence that under the contracts, Larco had the duty to install the flashing and Guardian had the responsibility to properly caulk the windows. Paragraph 1.01 of Paragon's contracts with Larco and Guardian contained the following provision regarding their "Scope of Work": "Subcontractor shall ... do all things necessary to complete the following work, together with all appurtenant and related work, in strict compliance with the Contract Documents described in provision 1.02 below, to wit: See Exhibit 'A' attached." Provision 1.02 defined the "Contract Documents" as including "in addition to this Subcontract Agreement, all documents reflecting the agreement between the Owner and the Contractor for the project, including, but not limited to, the plans, specifications...." Thus, the subcontractors' scope of work was the work set out in Exhibit A of each contract and in the plans and specifications included in the Contract Documents, as well as "appurtenant and related work."

Exhibit A of Larco's contract required Larco to complete the following work: "[a]ll layout, exterior framing, exterior sheathing, insulation, gypsum board, fire caulking, interior wall framing, gypsum board [sic], sound batts, Donn ceiling grid throughout, ceiling tile as specified, porte

---

1. Throughout its appellant's brief, Paragon states it produced "a scintilla" of evidence on each of the challenged elements. To constitute some evidence, a party must present "more than a scintilla"; evidence of a mere scintilla is not sufficient to overcome a no-evidence challenge. *City of Keller v. Wilson*, 168 S.W.3d 802, 813 (Tex.2005); *Sw. Bell Tel. Co. v. Garza*, 164 S.W.3d 607, 621 (Tex.2004); *Galveston, H & S.A. Ry. Co. v. Faber*, 77 Tex. 153, 155, 8 S.W. 64, 65–66 (1888). In its reply brief, Paragon asserted it presented *more* than a scintilla of evidence.

2. The contract provided, "The Subcontractor shall promptly remove, replace, correct, and/or repair any portion of the Subcontract Work that the Contractor determines is defective or is not in compliance with the Contract Documents."

cachere framing, soffit[ ] framing, and misc. blocking at restrooms, parapet walls, and windows." Larco's Exhibit A made no mention of flashing. Exhibit A of Guardian's contract required Guardian "to perform all Storefront, Exterior Glass and Frames, Storefront Doors and Hardware as called out on the Construction Documents dated Feb 26, 2000." Guardian's Exhibit A made no mention of caulking.

As evidence in support of its claims, Paragon presented the affidavit of its vice-president, Tom Riordan. Riordan testified that, pursuant to the subcontract agreements and the plans and specifications, "Larco was solely responsible for all labor and materials pertaining to the ... head flashing." Riordan also stated in the affidavit that "Guardian was solely responsible for all labor and materials pertaining to the exterior glass, exterior window frames and caulking of the windows." [3]

Larco and Guardian objected to portions of Riordan's affidavit as conclusory, but they did not obtain a ruling on their objections. Defects in the substance of an affidavit are not waived by the failure to obtain a ruling from the trial court on the objection, and they may be raised for the first time on appeal. *Brown v. Brown,* 145 S.W.3d 745, 751 (Tex.App.-Dallas 2004, pet. denied). An affidavit that is conclusory is substantively defective, and the failure to object or obtain a ruling on an objection does not waive the substantive defect. *Id.* Conclusory affidavits do not raise fact issues. *Ryland Group, Inc. v. Hood,* 924 S.W.2d 120, 122 (Tex.1996); *Trejo v. Laredo Nat'l Bank,* 185 S.W.3d 43, 50 (Tex.App.-San Antonio 2005, no pet.). A conclusory statement is one that does not provide the underlying facts to support the conclusion. *Trejo,* 185 S.W.3d

3. Riordan stated in his affidavit,

7. Larco and Guardian each signed a Subcontract Agreement with Paragon. A true and correct copy of the Subcontract Agreements between Paragon and Defendants are attached hereto and incorporated by reference herein as Exhibits "A1," and "A2."

8. Pursuant to the Subcontract Agreements, Larco and Guardian agreed to furnish labor, materials and supplies, and perform all work in strict compliance with the Contract Documents, including but not limited to the plans, specifications and the Subcontract Agreements.

9. Pursuant to its Subcontract Agreement, Larco was solely responsible for all labor and materials pertaining to the exterior framing, exterior sheathing, gypsum board and head flashing. Larco was responsible for providing a complete exterior wall system for the Property.

10. Pursuant to its Subcontract Agreement, Guardian was solely responsible for all labor and materials pertaining to the exterior window glass, exterior window frames and caulking of the windows. Guardian was responsible for providing a complete exterior window system for the Property.

\* \* \*

14. In December 2003, the Owners asserted a construction defect claim against Paragon alleging that the Property sustained water penetration which caused physical damage to the drywall and other areas of the Property.

15. Paragon investigated the allegations of the Owners and determined that water infiltrated at the top of some windows, causing damage to the Property. Paragon further determined that all of the Owners' defect allegations related to the construction of the windows, caulking and head flashing at the Property.

16. Paragon determined that Larco failed to install the head flashing at the Property, as required by the plans and specifications for the construction of the Property. As a result, Larco defaulted on its obligations under the subcontract agreement with Paragon.

17. Paragon determined that Guardian failed to properly caulk the windows at the Property, as required by the plans and specifications for the construction of the Property. As a result, Guardian defaulted on its obligations under the Subcontract Agreement with Paragon.

at 50; *Brown*, 145 S.W.3d at 751. When an affidavit in a summary judgment proceeding refers to other papers, sworn or certified copies of those papers must be attached to the affidavit. TEX.R. CIV. P. 166a(f); *Brown*, 145 S.W.3d at 752. An affidavit is substantively defective when the absence of the referenced papers from the summary judgment evidence leaves the affidavit conclusory. *Brown*, 145 S.W.3d at 752.

■ Riordan based his statements that Larco had the sole responsibility to install the flashing and that Guardian had the sole responsibility for caulking the windows on Larco's and Guardian's contracts and the plans and specifications. However, the contracts do not so provide. The plans and specifications are not attached to the affidavit or otherwise made a part of the summary judgment evidence. Riordan's conclusions that Larco and Guardian were responsible for installing the flashing and caulking the windows and that they defaulted on their obligations to Paragon by not installing the flashing and properly caulking the windows were not supported by any underlying facts. Therefore, those portions of the affidavit were conclusory, substantively defective, and provided no evidence that Larco and Guardian had the duties under the contract of installing the flashing and caulking the windows.

■ Paragon also points to the language of Exhibit A to each contract that "[o]missions and exclusions do not pertain, and will not be honored with this contract." Paragon appears to argue this language required Larco to install the flashing and Guardian to caulk the windows. We disagree. This language does not appear to create responsibilities where none existed.

### Larco

■ No other evidence shows Larco had the duty to install the flashing, and no evidence shows installation of the flashing was "appurtenant and related work." Because Paragon presented no evidence of Larco's defective workmanship for failing to install the flashing, we conclude the trial court did not err in granting Larco's no-evidence motion for summary judgment on Paragon's claims against Larco for breach of contract for failing to remedy defective workmanship.[4]

■ Paragon also alleged Larco breached the contract by failing to defend and indemnify Paragon as required by the contracts. Paragraph 6.02(a) of the contract provided that the subcontractor "will indemnify and protect the contractor, the owner and all indemnities from the consequences of the sub-contractors [sic] negligence."[5] (Capitalization omitted.) As discussed below, there is no evidence that Larco was negligent. Accordingly, there

---

4. As discussed below, the deposition of Don Dobbs provided some evidence of Guardian's responsibility for caulking the windows. Dobbs did not testify that Larco was responsible for installing the flashing. Instead, Dobbs testified he did not know whether Larco was responsible for installing the flashing.

5. Section 6.02(a) of the contract stated, but with all letters capitalized,
 To the fullest extent permitted by law, the subcontractor agrees to defend, indemnify and hold harmless the contractor, the owner, and all of their agents and employees from and against all claims, damages, losses and expenses, including but not limited to attorney's fees arising out of or relating to or connected with the performance, or failure in performance, of the subcontractor's work under this agreement. The expressed intention of the parties is that the subcontractor's indemnity herein will indemnify and protect the contractor, the owner and all indemnities from the consequences of the sub-contractors [sic] negligence.

is no evidence that Larco had any duty to indemnify Paragon or that it breached the contract by failing to indemnify Paragon. We conclude the trial court did not err in granting Larco's no-evidence motion for summary judgment on Paragon's breach of contract claim.

### Guardian

■ Guardian asserted there was no evidence it breached the contract. Besides the conclusory statements in Riordan's affidavit, Paragon also relied on the deposition testimony of Don Dobbs to show Guardian had a duty under the contract to caulk the windows. Dobbs was a contractor who was involved with resolving the water-infiltration issue. His testimony indicates that caulking the windows was part of the process of installing the windows.[6] Thus, his testimony constitutes some evidence that caulking the windows was "appurtenant and related work" to installation of the windows, which was Guardian's responsibility under Exhibit A of its contract.

Dobbs' testimony also contains some evidence that Guardian's work was defective when he testified that before the windows were repaired, they were water tested, and water passed between the window frame and the building, "[a]nd as soon as the windows were recaulked and caulked properly, there was not a problem anymore."[7] It is undisputed that Guardian did not remedy any of its allegedly defective workmanship as required by the contract. Accordingly, there is some evidence Guardian breached the contract.

Paragon asserts it presented evidence of damages it suffered as a result of Guardian's breach in paragraph 21 of Riordan's affidavit, which states in part: "Paragon made several repairs to the Property, including but not limited to ... re-caulking the windows. As a result, Paragon incurred damages in the amount of the repairs that Paragon made to the Property." Guardian asserts this statement is insufficient to constitute evidence of damages because it is conclusory in that it does not provide factual support for the conclusion that the repairs undertaken by Paragon were the natural, probable, and foreseeable consequence of Guardian's breach. *See Mead v. Johnson Group, Inc.*, 615 S.W.2d 685, 687 (Tex.1981) ("In an action for breach of contract, actual damages may be recovered when loss is the natural,

6. Dobbs testified as follows,
 Q. Did you ever see any of the caulk that was removed from the building?
 A. Yes.
 Q. Can you describe what you saw?
 A. Very rigid, brittle strings of caulking.
 Q. Can you tell me approximate bead size of what you observed?
 A. Very small, eighth inch, maybe, 3/16ths.
 Q. Now, why do you believe it was that sizing?
 A. I believe that the window frames were built too large for the openings, the manufacturer of the window frames did not allow for the proper gap between the window frame and the building, so that it could be caulked properly.

7. Dobbs also testified,

 Q. Why is it your opinion that the water was infiltrating because of a caulking issue?
 A. Visual observation of the caulking prior to the water testing, the statement from Brian Kelly Glass that water infiltrated the building between the aluminum storefront frame and the building and the fact that once the window frames were recaulked the building didn't leak anymore.
 * * *
 Q. And how did you come to the opinion that it came through—through the window and not pass through where the flashing would have been?
 A. The flashing was replaced; the windows still leaked. Once the windows were recaulked here, the water—I mean, the leak stopped.

probable, and foreseeable consequence of the defendant's conduct."). We disagree. Indulging every inference in Paragon's favor, we conclude Paragon's expense for having to recaulk the windows constituted damages that were the natural, probable, and foreseeable consequence of Guardian's breach of the contract by failing to remedy its allegedly defective workmanship.

Paragon also pleaded that Guardian breached the contract by failing to indemnify Paragon. The contract required Guardian to indemnify Paragon from the consequences of Guardian's negligence. As discussed below, there is some evidence to show Guardian negligent, and it is undisputed that Guardian did not indemnify appellant. Accordingly, we conclude there is some evidence to support each challenged element of Paragon's breach of contract claim against Guardian.

We sustain Paragon's first issue as to Guardian.

### Breach of Warranty

The elements of a claim for breach of warranty for services are (1) the defendant sold services to the plaintiff; (2) the defendant made a representation to the plaintiff about the characteristics of the services by affirmation of fact, by promise, or by description; (3) the representation became part of the basis of the bargain; (4) the defendant breached the warranty; (5) the plaintiff notified the defendant of the breach; and (6) the plaintiff suffered injury. *See Sw. Bell Tel. Co. v. FDP Corp.*, 811 S.W.2d 572, 576–77 & n. 3 (Tex.1991); *Mills v. Pate*, 225 S.W.3d 277, 289–90 (Tex.App.-El Paso 2006, no pet.); *Great Am. Prods. v. Permabond Int'l*, 94 S.W.3d 675, 681 (Tex.App.-Austin 2002,

pet. denied); *see also* TEX. BUS. & COM.CODE ANN. §§ 2.313(a), 2.607(c)(1) (Vernon 1994).[8] Larco's and Guardian's motions for summary judgment asserted Paragon had no evidence of elements (2) through (6).

Concerning the second and third elements, Larco and Guardian made affirmations about the quality of the service in the contract, which became part of the basis of the agreement:

> The Subcontractor warrants to the Owner or Contractor that all Subcontract Work shall be free from any and all defects due to faulty workmanship and/or materials and shall comply with all requirements of the Contract Documents.

We conclude this provision in the contract constitutes some evidence that Larco and Guardian made a representation to Paragon of the characteristics of their services. The representation's presence in the contracts shows it was part of the basis of the bargain. We conclude there is some evidence of the second and third elements.

Next, we consider whether there is any evidence Larco and Guardian breached the warranty. Paragon asserted Larco breached the warranty by failing to install the flashing as required by the contract. As discussed above, Paragon presented no evidence that the contract required Larco to install the flashing. Accordingly, we hold the trial court did not err in granting Larco's no-evidence motion for summary judgment on breach of warranty.

Paragon asserted Guardian breached the warranty by failing to properly caulk the windows. As discussed above, Dobbs' testimony and the contract constitute some

---

**8.** No case appears to clearly set out the elements for breach of express warranty for services. This list of the elements was suggested by Guardian and is supported by the cited statutes and cases.

evidence that Guardian was required by the contract to properly caulk the windows and that it failed to do so.

Concerning the fifth element, notification of the breach, Paragon's summary judgment evidence included a letter it sent to Guardian describing the problems with the installation and caulking of the windows. *See infra* p. 890. We conclude this letter constitutes some evidence that Paragon notified Guardian of the breach.

■■■ Guardian asserted Paragon had no evidence that Guardian's breach of the warranty proximately caused Paragon's damages. *See Hyundai Motor Co. v. Rodriguez ex rel. Rodriguez,* 995 S.W.2d 661, 667 (Tex.1999) ("liability for breach of warranty requires a showing of proximate cause"). Proximate cause has two elements: cause in fact and foreseeability. *W. Invs., Inc.,* 162 S.W.3d at 551. These elements cannot be established by mere conjecture, guess, or speculation. *Id.* The test for cause in fact is whether the act or omission was a substantial factor in causing the injury and without which the harm would not have occurred. *Id.; Doe v. Boys Clubs of Greater Dallas, Inc.,* 907 S.W.2d 472, 477 (Tex.1995). Guardian's motion for summary judgment argued Paragon lacked any evidence that Guardian's breach of the warranty was a cause in fact of Paragon's injuries. We disagree. The evidence showed that Guardian was responsible under the contract for properly caulking the windows, the windows were not properly caulked and they leaked, and Paragon paid for the recaulking of the windows. Clearly, if the windows had been properly caulked by Guardian, Paragon would not have had to pay another company to recaulk them. We conclude that paragraph 21 of Riordan's affidavit provides some evidence of cause in fact and proximate causation.

We conclude Paragon presented some evidence on each of the challenged elements of its breach of warranty cause of action, and the record does not show Guardian is entitled to a no-evidence summary judgment on the breach of warranty cause of action.

## Negligence

■■■ The elements of a negligence claim are proof of (1) a duty, (2) a breach of that duty, and (3) damages proximately caused by that breach. *Kroger Co. v. Elwood,* 197 S.W.3d 793, 794 (Tex.2006); *Doe,* 907 S.W.2d at 477. Larco and Guardian asserted in their motions for summary judgment that Paragon had no evidence of any of these three elements.

■■■ Paragon asserted Larco had a duty to install the flashing around the windows. As discussed above, Paragon presented no evidence showing Larco had a duty to install that flashing. Accordingly, we conclude the trial court did not err in granting Larco's no-evidence motion for summary judgment on negligence.

■■■ Paragon asserted Guardian had a duty under the contract to properly caulk the windows and that it breached this duty by failing to properly caulk the windows. As discussed above, Dobbs' testimony provided some evidence of these elements. Paragon asserted Guardian's negligence proximately caused it damages for paying another company to recaulk the windows. As discussed above, Riordan's affidavit provided some evidence of proximate cause.

■■■ We conclude Paragon presented some evidence on each element of its claim of negligence against Guardian, and Guardian is not entitled to a no-evidence

summary judgment on the negligence cause of action.[9]

We sustain Paragon's first issue as to Guardian and overrule it as to Larco.

## CONTRIBUTION

In its third issue, Paragon asserts the trial court erred in granting summary judgment on the ground that Paragon could not settle with the owner and then recover in contribution against Larco and Guardian.

 There are three types of contribution: common law, statutory under chapter 32 of the civil practice and remedies code, and the comparative responsibility statute under chapter 33 of that code. Common-law contribution applies in strict products liability cases and is not applicable here. *See Duncan v. Cessna Aircraft Co.*, 665 S.W.2d 414, 427 (Tex.1984). Contribution under chapter 32 of the civil practice and remedies code applies only to tort actions and is enforceable by "[a] person against whom a judgment is rendered." TEX. CIV. PRAC. & REM.CODE ANN. § 32.001, .002 (Vernon 1997). Paragon has not had a judgment rendered against it, so it cannot seek contribution under chapter 32. The comparative responsibility statute under chapter 33 of the code applies to "any cause of action based on tort in which a defendant, settling person, or responsible third party is found responsible for a percentage of the harm for which relief is sought." *Id.* § 33.002 (Vernon Supp.2006). The supreme court has held that a party can settle only its proportionate share of responsibility. *Beech Aircraft Corp. v.*

*Jinkins*, 739 S.W.2d 19, 22 (Tex.1987). The settling party cannot preserve contribution rights by attempting to settle the entire claim. *Id.; Filter Fab, Inc. v. Delauder*, 2 S.W.3d 614, 617 (Tex.App.-Houston [14th Dist.] 1999, no pet.). By settling the entire claim, Paragon lost the right to seek contribution from Larco and Guardian. *See Filter Fab, Inc.*, 2 S.W.3d at 617.

We conclude Larco and Guardian established as a matter of law that Paragon is not entitled to recover in contribution. We overrule Paragon's third issue.

## INDEMNITY

In its second issue, Paragon asks, "Can Paragon resolve its claims with the owner and then seek recovery from Larco and Guardian for breach of contract, breach of warranty and contractual indemnity?"

### Larco

We have already held the trial court properly granted Larco's no-evidence motion for summary judgment on Paragon's claims for breach of contract and breach of warranty. As for the indemnity claim, the indemnity provision in the contract, provision 6.02(a) stated,

> To the fullest extent permitted by law, the subcontractor agrees to defend, indemnify and hold harmless the contractor, the owner, and all of their agents and employees from and against all claims, damages, losses and expenses, including but not limited to attorney's fees arising out of or relating to or connected with the performance, or failure in performance, of the subcontrac-

---

**9.** Guardian asserts on appeal that Paragon cannot recover in negligence because its claim sounds in contract and not in tort. *See, e.g., Sw. Bell Tel. Co. v. DeLanney*, 809 S.W.2d 493, 494–95 (Tex.1991); *Jim Walter Homes, Inc. v. Reed*, 711 S.W.2d 617, 618 (Tex.1986). However, Guardian did not make this asser-

tion in its motion for summary judgment. Accordingly, we do not consider this argument because the motion for summary judgment must "stand or fall on the grounds expressly presented in the motion." *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341 (Tex.1993).

tor's work under this agreement. The expressed intention of the parties is that the subcontractor's indemnity herein will indemnify and protect the contractor, the owner and all indemnities from the consequences of the sub-contractors [sic] negligence.

As discussed above, Paragon presented no evidence that any of the damages were due to Larco's performance, failure to perform, or its negligence in the work under the contract. Accordingly, we conclude Paragon could not recover under the contractual indemnity provision against Larco. We overrule the second issue as to Larco.

## Guardian

Paragon argues that Guardian's motion for summary judgment sought to characterize all of Paragon's claims as contribution claims barred by Paragon's settlement with the owner. Paragon asserts contribution applies only to torts, not contract and warranty claims. Paragon is correct that contribution does not apply to contract and warranty claims, and Guardian does not appear to dispute this assertion on appeal. See CTTI Priesmeyer, Inc. v. K & O Ltd. P'ship, 164 S.W.3d 675, 684 (Tex.App.-Austin 2005, no pet.); JHC Ventures, L.P. v. Fast Trucking, Inc., 94 S.W.3d 762, 772–73 (Tex.App.-San Antonio 2002, no pet.).

One of Guardian's grounds for summary judgment was that Paragon could not recover through contractual indemnity against it. Guardian asserts the contractual indemnity provision in the contract is invalid because it does not meet the requirements of the express-negligence doctrine. Under that doctrine, a contractual indemnity provision that intends to indemnify the indemnitee from the consequences of the indemnitee's own negligence must express that intent in specific, clear terms. Ethyl Corp. v. Daniel

Constr. Co., 725 S.W.2d 705, 708 (Tex. 1987). If the contractual indemnity provision fails to comply with the express-negligence doctrine, then an alleged indemnitee whose negligence caused some of the damages may not recover under the contractual indemnity provision. See id. at 708–09. In Ethyl Corp., Daniel Construction agreed to indemnify Ethyl Corporation, but the indemnity clause did not meet the requirements of the express-negligence doctrine. Id. at 708. The jury found the negligence of Ethyl Corporation was ninety percent responsible for the damages and the negligence of Daniel Construction was ten percent responsible. Id. at 707. Because the indemnity provision did not expressly provide for indemnification of Ethyl Corporation's negligence or comparative indemnity, Ethyl Corporation was not entitled to recover anything under the contractual indemnity provision. Id. at 708–09. In this case, there has been no finding that Paragon was negligent, and Paragon is not seeking indemnity for its own negligence. See MAN GHH Logistics GMBH v. Emscor, Inc., 858 S.W.2d 41, 43 (Tex.App.-Houston [14th Dist.] 1993, no writ) (express-negligence doctrine does not apply when indemnitee does not seek indemnity for its negligence). Until Paragon is found to be negligent or otherwise seeks indemnity for its own negligence, Guardian cannot establish as a matter of law that the express-negligence doctrine bars Paragon from enforcing the contract's indemnity provision.

In this case, Guardian's motion for summary judgment did not attempt to establish that Paragon was negligent. Instead, Guardian asserted Paragon had no evidence that Guardian was negligent and thus subject to the contractual indemnity provision. As explained in our discussion of Paragon's first issue, Paragon presented some evidence of each of the elements of

its cause of action against Guardian for negligence.

We conclude Guardian failed to establish as a matter of law that the express-negligence doctrine bars Paragon's recovery in contractual indemnity. We sustain Paragon's second issue as to Guardian.

### FAILURE TO PARTICIPATE IN SETTLEMENT WITH OWNER

In its fourth issue, Paragon asserts Larco and Guardian should not "be permitted to ignore Paragon's requests to participate in the pre-lawsuit resolution of the claims with the owner, and then assert that Paragon cannot sue them under any legal theory to recover damages caused by Larco and/or Guardian." After the property owner complained to Paragon about the water leaks, Paragon sent letters to Larco and Guardian.

The letter to Larco informed it of the owner's claims and stated, "This letter is formal notice to LARCO of the claims asserted by [owner] and a demand on LARCO to indemnify and defend Paragon in connection with the claims being made by [owner]. Demand is also made on LARCO that it immediately notify its insurance carriers of that claim." Contrary to Paragon's assertion, this letter does not request Larco to participate in pre-lawsuit resolution of the owner's claims.

The letter to Guardian informed Guardian of the owner's claims and stated,

This letter is formal notice to Guardian of the claims asserted by [owner] and a demand on Guardian to indemnify and defend Paragon in connection with the claims being made by [owner]. Demand is also made on Guardian that it immediately notify its insurance carriers of the claim. This letter is further notice to Guardian that the remediation work at the building is ongoing. Should Guard-

ian wish to investigate or document any of the issues involving the original window installation at the building it should take action to do so immediately. You may contact Tom Rierdon [sic] ... for further information about access to the building for any investigation Guardian may wish to conduct.

Like the letter to Larco, Paragon's letter to Guardian did not request that Guardian participate in pre-lawsuit resolution of the owner's claims. We overrule Paragon's fourth issue.

### CONCLUSION

We reverse the trial court's judgment insofar as it grants Guardian's motion for summary judgment on Paragon's claims for breach of contract, breach of warranty, negligence, and indemnity, and we remand those claims against Guardian to the trial court for further proceedings. In all other respects, we affirm the trial court's judgment.