**BROOKVIEW PARTNERS, L.P., Appellant**

v.

**G. Michael HANNAH, D.D.S., Appellee.**

**No. 05–07–00932–CV.**

Court of Appeals of Texas, Dallas.

July 24, 2008.

Robert N. Lemay, C. Jeffrey Novel, Kane, Russell, Coleman & Logan, P.C., Dallas, TX, for Appellant.

Russell E. Wilson, Werstein Smith & Wilson, Dallas, TX, for Appellee.

Before Justices MORRIS, FITZGERALD, and LANG.

## OPINION

Opinion By Justice MORRIS.

After the parties filed cross-motions for summary judgment in this commercial lease dispute, the trial court granted summary judgment in favor of G. Michael Hannah, D.D.S. In four issues, Brookview Partners, L.P. generally contends the trial court erred in granting summary judgment in favor of Hannah and in failing to grant its motion for summary judgment. Concluding that neither party met their summary judgment burden, we reverse the trial court's judgment granting Hannah's motion for summary judgment and affirm that part of the trial court's judgment denying Brookview's motion for summary judgment. We remand this cause to the trial court for further proceedings.

I.

Hannah leased certain premises pursuant to a written lease agreement. Brookview, as the alleged successor in interest to Hannah's original lessor, brought this suit against Hannah seeking reimbursement for damages to the leased premises, along with other damages, caused by a water leak. Hannah moved for summary judgment in his favor based on a waiver of

claims provision in the lease agreement. Brookview moved for summary judgment relying on two other provisions in the lease agreement. The trial court granted Hannah's motion and denied Brookview's. Brookview appealed both rulings.

## II.

Where as here, both parties move for summary judgment, each party bears the burden of establishing their entitlement to judgment as a matter of law. *City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 356 (Tex.2000). The movant must demonstrate no genuine issue of material fact exists and conclusively establish its entitlement to judgment. Tex.R. Civ. P. 166a(c). Only after the movant has established a right to summary judgment does the burden shift to the nonmovant to present evidence creating a fact issue. *See Paragon Gen. Contractors, Inc. v. Larco Constr., Inc.*, 227 S.W.3d 876, 881 (Tex. App.-Dallas 2007, no pet.). When the trial court grants one motion and denies the other, we review the entire summary judgment record and determine all questions presented. *City of Garland*, 22 S.W.3d at 356.

■ In its first issue, Brookview contends the trial court erred in granting summary judgment in favor of Hannah because Hannah failed to put forth evidence to support his entitlement under the waiver provision upon which his motion for summary judgment was based. We agree.

Hannah moved for summary judgment based on section 6.2 of the lease agreement. This section provides in relevant part:

WAIVER AND SUBROGATION OF CLAIMS Landlord waives all claims, causes of action, or other rights of recovery against Tenant and its employees, agents, and contractors for any loss or damage to the Building and other im-

provements included in the Property by reason of fire or other insurable risk of loss (whether or not actually insured) regardless of cause or origin (including negligence) and agrees that no insurer will have any right of subrogation to Landlord.

Thus, to meet his summary judgment burden, and because the alleged damage was indisputably not caused by fire, Hannah had to present evidence that the damages for which Brookview sought recovery were caused by reason of "other insurable risk of loss." The summary judgment record, however, contains no such evidence. As evidentiary support for his motion, Hannah simply provided his affidavit authenticating a copy of the lease agreement. He provided no evidence that the water leak alleged by Brookview was an "insurable risk of loss."

Hannah argues Brookview's own summary judgment evidence established its damages were caused by an insurable risk of loss. Hannah specifically relies on the affidavit of Grady Jordan, Jr., a Brookview agent, who stated that the damages to the building exceeded Brookview's property insurance deductible. We disagree that this evidence conclusively established Brookview's damages were caused by an insurable risk of loss. It merely states that the damages caused by the water leak were greater than Brookview's deductible. It does not state the water leak was covered under its insurance policy or even that the damage claim was submitted to Brookview's insurance carrier. Because Hannah did not meet his summary judgment burden of establishing the applicability of the waiver provision to Brookview's claims as a matter of law, the trial court erred in granting summary judgment in his favor.

In reaching this conclusion, we necessarily reject Hannah's contention that summary judgment was proper because Brookview did not dispute its claimed damages resulted from an insurable risk of loss. As the movant for a traditional summary judgment based on the waiver provision, Hannah had the ultimate burden of establishing as a matter of law each element of his affirmative defense. *See Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex. 1995). This included the applicability of the lease provision to the damages claimed by Brookview. Hannah's burden was not satisfied by Brookview's failure to dispute in response to the summary judgment motion that its damages resulted from an insurable risk of loss. We resolve Brookview's first issue in its favor.

Having concluded that the trial court erred in granting Hannah summary judgment, we next address whether the trial court properly denied Brookview's motion for summary judgment. In its motion and on appeal, Brookview asserts the trial court erred in denying its motion because the summary judgment evidence conclusively established Hannah breached the indemnification and reimbursement provisions of the lease.

■ Brookview's motion was based on sections 6.6(a) and 3.3(d) of the lease. Section 3.3(d) provides in relevant part that if the leased premises or building was damaged "by any act or omission of Tenant or employee, agents or contractors," the landlord would make needed repairs but the tenant must pay the landlord on written demand the cost of repairs in excess of insurance proceeds actually received by the landlord. Section 6.6.(a) requires the tenant to indemnify the landlord for damages to property "to the extent caused by any negligent or wrongful act or omission of Tenant or its employees, agent or contractors," but only to the extent the

damage would not be covered by property or casualty insurance required by the lease to be carried by the landlord, whether or not the insurance was actually carried. Thus, at a minimum, Brookview was required to establish an act or omission by Hannah, his employees, agents or contractors caused the water damage.

The only summary judgment evidence with respect to the water leak was provided by Jordan's affidavit, which states the following:

> ... on or about September 2, 3, or 4 of 2006, Defendant, his employees, agents or contractors permitted, allowed or failed to prudently prevent a water leak occurring solely and exclusively within the Leased Premises. Through continued acts or omissions, negligent and otherwise, Defendant, his employees, agents or contractors, permitted, condoned or failed to prudently prevent the water from flowing outside the premises and causing damage to the Building to a significant and material degree.

■ Jordan's affidavit does not indicate the nature of the water leak, identify the act or omission attributed to Hannah or his agents that allegedly resulted in the damages, or provide any other facts about the condition necessitating repairs. As such, Jordan's statements on Hannah's responsibility for the water leak damage are conclusory. A conclusory statement is one that does not provide the underlying facts to support the conclusion. *Rizkallah v. Conner*, 952 S.W.2d 580, 587 (Tex.App.-Houston [1st Dist.] 1997, no pet.). Conclusory statements in affidavits are not competent evidence to support a summary judgment because they are not credible or susceptible to being readily controverted. *See Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex.1996). Because Brookview failed to put forth sufficient summary judgment evidence establishing

its entitlement to indemnification or reimbursement under the lease provisions as a matter of law, the trial court did not err in denying its motion for summary judgment.

We reverse the trial court's summary judgment in favor of Hannah and affirm that part of the trial court's judgment denying Brookview's motion for summary judgment.