**AFFIRM; Opinion Filed June 10, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-01408-CV

## STATON HOLDINGS, INC. D/B/A STATON WHOLESALE D/B/A STATON CORPORATE & CASUAL, Appellant
### V.
## TATUM, L.L.C. FORMERLY KNOWN AS TATUM CONTROLLER GROUP SOLUTIONS, L.L.C., Appellee

On Appeal from the County Court at Law No. 2
Dallas County, Texas
Trial Court Cause No. CC-09-01049-B

## MEMORANDUM OPINION
Before Justices Moseley, FitzGerald, and Evans
Opinion by Justice Moseley

Staton Holdings, Inc. d/b/a Staton Wholesale d/b/a Staton Corporate & Casual appeals

from a summary judgment in favor of Tatum, L.L.C., formerly known as Tatum Controller

Group Solutions, L.L.C. Staton alleged that during a dispute with the candidate it hired through

Tatum's executive search services, Staton learned that one of the candidate's prior employers

had fired him and would not have recommended him for hiring. Staton sued Tatum for several

claims including breach of contract and breach of warranty for Tatum's failure to contact that

employer and disclose the facts to Staton.

In a prior appeal, we reversed the trial court's summary judgment for Tatum on Staton's

breach of warranty claims. *See Staton Holdings, Inc. v. Tatum, L.L.C.*, 345 S.W.3d 729 (Tex.

App.—Dallas 2011, pet. denied). We held a contract provision prospectively releasing future

claims did not release Staton's breach-of-warranty claims against Tatum because the release did not satisfy the express-intent (also known as the express-negligence) doctrine. *Id*. at 735.[1] Accordingly, we reversed the summary judgment as to the breach of warranty claims and remanded for further proceedings.

On remand, Tatum filed a traditional motion for summary judgment and sought to disprove one or more essential elements of Staton's causes of action as a matter of law. Specifically, Tatum argued the letter agreement created no express warranty as alleged by Staton and thus Staton could prove a breach of an express warranty.[2] The trial court granted Tatum's motion for summary judgment and rendered judgment that Staton take nothing on its breach of warranty claims. On appeal, Staton argues the trial court erred because the statements in the letter agreement amount to a warranty and representation by Tatum about the characteristics of its services.

The background of the case and the evidence adduced at trial are well known to the parties; thus, we do not recite them here in detail. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm the trial court's judgment.

We review the trial court's summary judgment de novo. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). The standards for reviewing summary judgments are well established and we follow them in reviewing this appeal. *See* TEX. R. CIV. P. 166a(c); *Nixon v. Mr. Property Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985) (traditional summary judgment standards of review).

Staton and Tatum entered into a letter agreement where Tatum agreed to provide

---

[1] We also held the terms of the release provision barred Staton's breach of contract claim. *Id*. at 736.

[2] Staton does not challenge in this appeal the trial court's summary judgment on its breach of implied warranty claim.

executive search services to Staton. In relevant part, the letter agreement states:

The scope of our Executive Search Services will include:

- Identification of Qualified Candidates
- A briefing on each Qualified Candidate
- Candidate and Client Preparation and Debriefing for Interviews
- Degree Verification, Certification Verification, Background Checks and References on Chosen Candidate
- Offer Presentation to the Chosen Candidate
- Offer Negotiation with the Chosen Candidate
- Resignation and Counter Offer Consulting Services

Staton contends the fourth bullet point regarding background checks and references creates an express warranty that those services will be performed in a good and workmanlike manner. Tatum contends the bullet points merely identify the services it agreed to provide and do not warrant the quality of those services. We agree with Tatum that the letter agreement does not create an express warranty as alleged.

Under the UCC, breach of contract and breach of warranty are not the same cause of action and have different remedies. *See Sw. Bell Tel. Co. v. FDP Corp.*, 811 S.W.2d 572, 575–76 (Tex. 1991). This rule also applies to service contracts. *Id.* (no sound reason exists to apply different standard when contract is for services instead of goods). The elements of a claim for breach of warranty for services are (1) the defendant sold services to the plaintiff; (2) the defendant made a representation to the plaintiff about the characteristics of the services by affirmation of fact, by promise, or by description; (3) the representation became part of the basis of the bargain; (4) the defendant breached the warranty; (5) the plaintiff notified the defendant of the breach; and (6) the plaintiff suffered injury. *Paragon Gen. Contractors, Inc. v. Larco Const., Inc.*, 227 S.W.3d 876, 886 (Tex. App.—Dallas 2007, no pet.).

Generally, a warranty describes the character, quality, or title of the thing being sold. *See Chilton Ins. Co. v. Pate & Pate Enterprises, Inc.*, 930 S.W.2d 877, 890–91 (Tex. App.—San

Antonio 1996, writ denied). An express warranty is a definitive affirmation of fact or a promise which becomes part of the basis of the bargain and upon which the parties rely. *Id.* at 891. Express warranties arise out of the terms of the agreement between the parties. An express warranty is the result of a negotiated exchange and is a "creature of contract." *Med. City Dallas, Ltd. v. Carlisle Corp.*, 251 S.W.3d 55, 60 (Tex. 2008) (citations omitted). "Additionally, although breach of warranty and breach of contract are distinct causes of action with separate remedies, an express warranty is part of the basis of the bargain and contractual in nature. Consequently, when ascertaining the parties' intentions in a warranty, we look to well-established rules for interpretation and construction of contracts." *Methodist Hosp. v. Zurich Am. Ins. Co.*, 329 S.W.3d 510, 528 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) (citations omitted). An express warranty has been defined as "any representation of fact or promise as to the title, quality, or condition of existing or future goods or services." *Enterprise–Laredo Assoc. v. Hachar's Inc.*, 839 S.W.2d 822, 830 (Tex. App.—San Antonio), *writ denied*, 843 S.W.2d 476 (Tex. 1992) (per curiam).

Therefore, to determine whether an express warranty has been created, we must examine the agreement between the parties. While words like "warrant" or "guarantee" are not required to create an express warranty, there must be a representation or affirmation as to the character, quality, or title of the goods or services. *See Chilton*, 930 S.W.2d at 891 ("A contract term identifies what is being sold; warranties describe the attributes, suitability for a particular purpose, and ownership of what is sold."); *see also Humble Nat'l Bank v. DCV, Inc.*, 933 S.W.2d 224, 233 (Tex. App.—Houston [14th Dist.] 1996, writ denied) (express warranty created when seller makes affirmation of fact or promise to purchaser that relates to sale and warrants conformity to the affirmation as promised).

Staton argues it discovered, after hiring the candidate, that the background checks and references were not properly performed, and it is now complaining about the quality of the

–4–

services it received from Tatum. However, this argument does not answer the question of whether Tatum expressly warranted the quality of those services in the contract. The letter agreement between Staton and Tatum merely lists the executive search services Tatum agreed to perform. Those services included, "Degree Verification, Certification Verification, Background Checks and References on Chosen Candidate." The agreement nowhere states that these services will be performed to a certain standard or will have a particular character or quality.

The mere identification of what services are to be performed is not, without more, an express warranty that those services are to be performed to any particular standard or quality. The parties certainly could have included such a promise as to the quality of the services and if it formed part of the basis of the bargain it would establish an express warranty. But here there is no promise as to the quality of the services Tatum agreed to provide. We will not rewrite the bargain the parties made simply because one party is now dissatisfied with the agreement or wishes it included other words. *See Hidalgo v. Hidalgo*, No. 05-06-00966-CV, 2011 WL 1797621, at *3 (Tex. App.—Dallas May 10, 2011, no pet.) (mem. op.) ("Courts are not authorized to rewrite agreements by inserting additional terms, definitions, or provisions that the parties could have included themselves but did not, or by implying terms for which the parties have not bargained."); *see also HECI Exploration Co. v. Neel*, 982 S.W.2d 881, 888 (Tex. 1998); *Tenneco, Inc. v. Enter. Prods. Co.*, 925 S.W.2d 640, 646 (Tex. 1996).

Mere breach of a contractual promise is not a breach of warranty unless the promise amounts to an express warranty. *See Humble Nat. Bank*, 933 S.W.2d at 234 (alleged breach of agreement to honor customer's resolution regarding authorized signatories on bank account "was simply another condition or covenant of the contractual agreement and was not an express warranty"). Otherwise, there would be no distinction between breach of contract and breach of warranty.

In order to preserve the distinction between contract and express warranty, breach of

warranty claims must involve something more than a mere promise to perform under the contract. Here, that something more is missing and we conclude Tatum's promise to provide background checks and references on the chosen candidate is not an express warranty. Thus, we conclude the agreement did not create an express warranty as alleged by Staton.[3] Therefore, Staton cannot recover on its breach of express warranty cause of action.

The agreement between the parties does not create an express warranty. Therefore, the trial court did not err by rendering summary judgment denying Staton's breach of express warranty claim. We overrule Staton's sole issue and affirm the trial court's judgment.

/Jim Moseley/
JIM MOSELEY
JUSTICE

121408F.P05

---

[3] Even if, as Staton argues, the statement "background checks and references on chosen candidate" is a representation of the quality of the executive search services, then Tatum established it did not breach that representation. It is undisputed that Tatum provided background checks and references on the chosen candidate. Thus, the executive search services had the quality represented in the letter agreement: background checks and references on the chosen candidate.

–6–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

STATON HOLDINGS, INC. D/B/A
STATON WHOLESALE D/B/A STATON
CORPORATE & CASUAL, Appellant

No. 05-12-01408-CV     V.

TATUM, L.L.C. FORMERLY KNOWN AS
TATUM CONTROLLER GROUP
SOLUTIONS, L.L.C., Appellee

On Appeal from the County Court at Law
No. 2, Dallas County, Texas
Trial Court Cause No. CC-09-01049-B.
Opinion delivered by Justice Moseley.
Justices FitzGerald and Evans participating.

      In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

      It is **ORDERED** that appellee TATUM, L.L.C. FORMERLY KNOWN AS TATUM CONTROLLER GROUP SOLUTIONS, L.L.C. recover its costs of this appeal from appellant STATON HOLDINGS, INC. D/B/A STATON WHOLESALE D/B/A STATON CORPORATE & CASUAL.

Judgment entered this 10th day of June, 2014.

/Jim Moseley/
JIM MOSELEY
JUSTICE