**Affirmed and Opinion Filed May 19, 2015.**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-13-01711-CV

## LINA T. RAMEY AND ASSOCIATES, INC., Appellant
## V.
## TBE GROUP, INC. D/B/A CARDNO TBE, Appellee

On Appeal from the 160th Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-12-09180-H

### MEMORANDUM OPINION
Before Justices Francis, Evans, and Stoddart
Opinion by Justice Stoddart

This appeal arises from a no-evidence summary judgment rendered against appellant, Lina T. Ramey and Associates, Inc. (Ramey), in favor of appellee, TBE Group, Inc. d/b/a Cardno TBE (TBE), on a breach of contract claim. In a single issue, Ramey argues the trial court erred by granting the motion because Ramey produced more than a scintilla of probative evidence on each challenged element of its claim. We affirm the trial court's judgment.

### BACKGROUND

TBE is in the business of locating underground utility lines primarily for transportation construction projects. Ramey is engaged in the same business as TBE and also provides professional surveying services.

In 2004, TBE contracted with Ramey to provide professional surveying services. In 2005, three TBE employees left TBE and began working for Ramey. TBE later sued Ramey and

the former employees, alleging claims for misappropriation of trade secrets and unfair competition. The parties settled the lawsuit in 2007 and entered into a Strategic Alliance Agreement (Agreement) to govern their future business relationship.

Among other provisions, the Agreement required Ramey to generate $1,500,000 in revenues for TBE within four years with respect to Texas projects in which TBE and Ramey jointly participated. If Ramey failed to generate the entire $1,500,000 within the four-year time period, the Agreement required Ramey to pay TBE 20% of the difference between $1,500,000 and what Ramey generated (defined as "Deficiency" in the Agreement). The Agreement also required both parties to offer each other first right of refusal on projects that met certain contract criteria.

After the four-year contract period expired, TBE sent a letter notifying Ramey it failed to generate revenues totaling $1,500,000 and demanded Ramey pay 20% of the remaining balance, or $146,103.12. Ramey then filed this lawsuit, alleging TBE breached the Agreement by failing to offer Ramey first right of refusal on several Texas projects. TBE filed a counterclaim, alleging Ramey breached the Agreement by failing to pay TBE the outstanding $146,103.12.

TBE filed a traditional motion for summary judgment on its own claims and a no-evidence motion for summary judgment on the elements of Ramey's breach of contract claim. The trial court granted TBE's traditional motion for summary judgment, finding Ramey breached the Agreement, and awarded TBE $146,103.12 in damages. The trial court also granted TBE's no-evidence motion for summary judgment on Ramey's breach of contract claim. TBE subsequently non-suited its other claims and the trial court rendered a final judgment.

On appeal, Ramey does not challenge the adverse summary judgment that Ramey breached the Agreement. In a single issue, Ramey argues the trial court erred by granting TBE's no-evidence motion for summary judgment because Ramey produced more than a scintilla of

probative evidence on each challenged element of its breach of contract claim concerning the same Agreement.

**LAW & ANALYSIS**

We review the trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). In a no-evidence motion for summary judgment, the moving party must assert that no evidence exists on one or more of the essential elements of the nonmovant's claim on which the nonmovant would have the burden of proof. *See* TEX. R. CIV. P. 166a(i). In our review, we ask whether the nonmovant produced more than a scintilla of probative evidence to raise a fact issue on the challenged elements. *Gen. Mills Rests., Inc. v. Tex. Wings, Inc.*, 12 S.W.3d 827, 833 (Tex. App.—Dallas 2000, no pet.). More than a scintilla of evidence exists if the evidence rises to a level that would enable reasonable and fair-minded jurors to differ in their conclusions. *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008) (per curiam). In contrast, less than a scintilla of evidence exists if the evidence is "so weak as to do no more than create a mere surmise or suspicion" of a fact's existence, or "if it is so slight as to make any inference a guess." *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004); *Smith v. Deneve*, 285 S.W.3d 904, 909 (Tex. App.—Dallas 2009, no pet.).

We examine the evidence in the light most favorable to the nonmovant and indulge every reasonable inference and resolve any doubts against the movant. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006); *Sysco Food Servs., Inc. v. Trapnell*, 890 S.W.2d 796, 800 (Tex. 1994). When, as here, the trial court's order granting summary judgment does not specify the basis for the ruling, we will affirm the summary judgment if any of the theories presented to the trial court are meritorious. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003).

A claim for breach of contract requires proof of the following elements: (1) the existence

of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of that breach. *Holloway v. Dekkers*, 380 S.W.3d 315, 324 (Tex. App.—Dallas 2012, no pet.) (citing *Paragon Gen. Contractors, Inc. v. Larco Constr., Inc.*, 227 S.W.3d 876, 882 (Tex. App.—Dallas 2007, no pet.)). TBE challenged elements two, three, and four in its no-evidence motion for summary judgment.

Ramey contends it produced more than a scintilla of evidence it performed its obligations under the Agreement. Ramey refers us to one piece of evidence to support its argument: a sworn affidavit by its president, Lina T. Ramey (Lina). In her affidavit, Lina stated as follows:

> Even though TBE was preventing and hindering [Ramey's] performance under the [Agreement], [Ramey] did, despite TBE's actions, substantially performed [sic] its obligations. Attached to this Affidavit are checks from [Ramey] to TBE in attempts to substantially perform and fulfill its obligations under the [Agreement]. These checks represent only a fraction of the Ramey generated Texas revenues of at least $730,484.38, pursuant to the [Agreement].

Ramey failed to attach sworn or certified copies of the referenced checks to Lina's affidavit. When the failure to attach sworn or certified copies of papers referenced in the affidavit leaves it conclusory, the affidavit does not raise a fact issue. TEX. R. CIV. P. 166a(f); *Paragon*, 227 S.W.3d at 883–84 (citing *Brown v. Brown,* 145 S.W.3d 745, 752 (Tex. App.—Dallas 2004, pet. denied). A conclusory statement is one that does not provide the underlying facts to support the conclusion. *Paragon*, 227 S.W.3d at 883.

Absent the attached checks, Lina's statement that Ramey performed its contract obligations, and her statement regarding Ramey's attempt to perform its contract obligations by raising $730,484.38 in revenues, lack any underlying facts to support her conclusions. Therefore, they are conclusory and insufficient to raise a fact issue.

Even were we to accept Lina's conclusion that Ramey generated $730,484.38 in revenues, this is less than the $1,500,000 required by the Agreement and there is no evidence

–4–

Ramey paid 20% of the Deficiency to TBE under the terms of the Agreement.  Accordingly, Ramey failed to produce more than a scintilla of probative evidence to raise a fact issue with respect to its performance or tendered performance.  Because there is no evidence of this element, we need not address the other elements of Ramey's breach of contract claim.  *See* TEX. R. APP. P. 47.1.  We overrule Ramey's sole issue.

We affirm the trial court's judgment.


/ Craig Stoddart/
CRAIG STODDART
JUSTICE


131711F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LINA T. RAMEY AND ASSOCIATES, INC., Appellant

No. 05-13-01711-CV        V.

TBE GROUP, INC. D/B/A CARDNO TBE, Appellee

On Appeal from the 160th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-12-09180-H.
Opinion delivered by Justice Stoddart.
Justices Francis and Evans participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee TBE GROUP, INC. D/B/A CARDNO TBE recover its costs of this appeal from appellant LINA T. RAMEY AND ASSOCIATES, INC..

Judgment entered this 19th day of May, 2015.