ACCEPTED
05-18-00127-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
6/4/2018 1:56 PM
LISA MATZ
CLERK

NO. 05-18-00127-CV

IN THE COURT OF APPEALS
FOR THE FIFTH DISTRICT OF TEXAS AT DALLAS

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
6/4/2018 1:56:02 PM
LISA MATZ
Clerk

MICHAEL D. LONG AND
SOLAR MOD SYSTEMS, INC.,

*Appellants,*

vs.

JAMES D. VINCENT, JR. AND
RANDALL T. WILSON,

*Appellees.*

On Appeal from the 192nd Judicial District Court,
Dallas County, Trial Court Cause No. DC-17-04262

APPELLANTS' REPLY BRIEF

P. William Stark
State Bar No. 24046902
starkb@gtlaw.com
Brennwyn B. Romano
State Bar No. 24099028
romanob@gtlaw.com
GREENBERG TRAURIG, LLP
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone: (214) 665-3600
Facsimile: (214) 665-3601

Kendyl T. Hanks
State Bar No. 24032273
hanksk@gtlaw.com
GREENBERG TRAURIG, LLP
300 West 6th Street, Suite 2050
Austin, Texas 78701
Telephone: (512) 320-7200
Facsimile: (512) 320-7210

COUNSEL FOR APPELLANTS MICHAEL D. LONG AND
SOLAR MOD SYSTEMS, INC.

# TABLE OF CONTENTS

INTRODUCTION .............................................................................................. 1

ARGUMENT .................................................................................................... 3

I. Appellants Have Met Their Burden of Establishing the
TCPA Applies to Appellees' Claims. ...................................... 3

    A. The Authority on Which Appellees Rely on
Freedom of Association is Inapplicable. ....................... 3

    B. Texas Courts Have Squarely Rejected Appellees'
Argument that the TCPA Applies Only to Speech
by "Politically and Socially Active Individuals." ........... 6

II. The Texas Supreme Court Recently Rejected Appellees'
Argument on the TCPA's Exemption. ................................... 9

III. Appellees Failed to Produce Clear and Specific
Evidence Establishing a *Prima Facie* Case for Each
Essential Element of Their Claims ...................................... 15

    A. Appellees Do Not Address the Issue of Whether
Their Affidavits are Substantively Defective. .............. 15

    B. Appellees Have Otherwise Failed to Meet Their
*Prima Facie* Burden. .................................................... 16

CONCLUSION AND PRAYER .......................................................................... 18

CERTIFICATE OF COMPLIANCE ................................................................... 20

CERTIFICATE OF SERVICE ........................................................................... 21

# INDEX OF AUTHORITIES

**State Cases**

*Adams v. Starside Custom Builders, LLC,*
No. 16-0786, 2018 WL 1883075 (Tex. Apr. 20, 2018)...................... 1, 7

*Backes v. Misko,*
486 S.W.3d 7 (Tex. App.—Dallas 2015, pet. denied) ......................... 13

*Better Bus. Bureau of Metro. Dallas, Inc. v. BH DFW, Inc.,*
402 S.W.3d 299 (Tex. App.—Dallas 2013, pet. denied)................ 13, 14

*Better Bus. Bureau of Metro. Hous., Inc. v. John Moore
Servs., Inc.,*
441 S.W.3d 345 (Tex. App.—Houston [1st Dist.] 2013, pet.
denied)........................................................................................ 13

*Bradford v. Vento,*
48 S.W.3d 749 (Tex. 2001) .............................................................. 17

*Castleman v. Internet Money Ltd.,*
No. 07-16-00320-CV, 2017 WL 1449224 (Tex. App.—
Amarillo Apr. 19, 2017) ............................................................ 11, 12

*Castleman v. Internet Money Ltd.,*
No. 17-0437, 2018 WL 1975039 (Tex. April 27, 2018) ............... *passim*

*Collins v. Collins,*
No. 01-17-00817-CV, 2018 WL 1320841 (Tex. App.—
Houston [1st Dist.] Mar. 15, 2018, rule 53.7(f) motion
granted) (mem. op.).......................................................................... 8

*Colorado v. Tyco Valves & Controls, L.P.,*
432 S.W.3d 885 (Tex. 2014) .............................................................. 5

*Craig v. Tejas Promotions, LLC,*
No. 03-16-00611-CV, 2018 WL 2050213 (Tex. App.—
Austin May 3, 2018, no pet. h.) ......................................................... 8

*Elliot v. S&S Emergency Training Solutions, Inc.,*
No. 05-16-01373-CV; 2017 WL 2118787 (Tex. App.—
Dallas May 16, 2017, pet. filed) (mem. op.)...................................... 17

*Global Tel\*link Corp. v. Securus Techs., Inc.*,
No. 05-16-01224-CV, 2017 WL 3275921 (Tex. App.—
Dallas July 31, 2017, pet. dism'd) ............................................... 11, 12

*Kerlin v. Arias*,
274 S.W.3d 666 (Tex. 2008) (per curiam) ........................................... 15

*Kinney v. BCG Attorney Search, Inc.*,
No. 03-12-00579-CV, 2014 WL 1432012 (Tex. App.—
Austin Apr. 11, 2014, pet. denied) (mem. op.) ............................. 13, 14

*LFMC Enterprises, LLC v. Baker*,
No. 01-17-00558-CV, 2018 WL 1474203 (Tex. App.—
Houston [1st Dist.] Mar. 27, 2018, rule 53.7(f) motion
granted) .................................................................................... 3, 4, 5

*Lippincott v. Whisenhunt*,
462 S.W.3d 507 (Tex. 2015) (per curiam) .......................................... 3

*In re Lipsky*,
460 S.W.3d 579 (Tex. 2015) ........................................ 2, 16, 17, 18

*Newspaper Holdings, Inc. v. Crazy Hotel Assisted Living,*
*Ltd.*,
416 S.W.3d 71 (Tex. App.—Houston [1st Dist.] 2013, pet.
denied) ..................................................................................... 13, 14

*Paragon Gen. Contractors, Inc. v. Larco Const., Inc.*,
227 S.W.3d 876 (Tex. App.—Dallas 2007, no pet.) ........................... 15

*Redflex Traffic Sys., Inc. v. Watson*,
No. 02-16-00432-CV, 2017 WL 4413156 (Tex. App.—Fort
Worth Oct. 5, 2017, no pet.) (mem. op.) ..................................... 11, 12

*Ryland Group, Inc. v. Hood*,
924 S.W.2d 120 (Tex. 1996) ............................................................ 15

*Youngkin v. Hines*,
No. 16-0935, 2018 WL 1973661 (Tex. Apr. 27, 2018) ......................... 8

**State Statutes**

TEX. CIV. PRAC. & REM. CODE § 27.001(2) ............................................. 5

iv

TEX. CIV. PRAC. & REM. CODE § 27.001(3)............................................. 7, 8

TEX. CIV. PRAC. & REM. CODE § 27.001(7) ................................................. 7

TEX. CIV. PRAC. & REM. CODE § 27.001(7)(A)............................................ 9

TEX. CIV. PRAC. & REM. CODE § 27.001(7)(B)............................................ 9

TEX. CIV. PRAC. & REM. CODE § 27.001(7)(C).......................................... 8, 9

TEX. CIV. PRAC. & REM. CODE § 27.005(b) ............................................. 1, 5

TEX. CIV. PRAC. & REM. CODE § 27.005(c)................................... 2, 15, 16

TEX. CIV. PRAC. & REM. CODE § 27.009...................................................18

TEX. CIV. PRAC. & REM. CODE § 27.010(b) .................................... 1, 10, 14

## INTRODUCTION

Resorting to arguments that the Texas Supreme Court and numerous courts of appeals have rejected, Appellees urge that the Texas Citizens Participation Act ("TCPA") does not apply because this is a commercial dispute and Appellants are not political activists. As recently as the last few months, the Texas Supreme Court has squarely rejected that notion. *See, e.g.*, *Adams v. Starside Custom Builders, LLC*, No. 16-0786, 2018 WL 1883075, at *1, *3 (Tex. Apr. 20, 2018). The alleged communications in this case involve a matter of public concern—the government and, specifically, Military procurement. Appellees raise complaints about communications and associations that "relate" to the Military procurement business. *See* TEX. CIV. PRAC. & REM. CODE § 27.005(b). Under the TCPA's plain language Appellees assert claims that fall within the TCPA's protections for free association and speech.

Appellees' claim that the TCPA's commercial speech exemption applies also fails because Appellees do not allege that any communication was made to an existing or prospective customer of Appellants. *See id.* § 27.010(b). On this issue, on April 27, the Texas

Supreme Court resolved a split in the courts of appeals, reversed one of the primary cases on which Appellees rely, and expressly disapproved of other court of appeals decisions discussed at length in Appellees' Response. *See Castleman v. Internet Money Ltd.*, No. 17-0437, 2018 WL 1975039, at \*2–3 (Tex. April 27, 2018) (per curiam). Because the Texas Supreme Court's *Castleman* holding rejects the same interpretation of the TCPA's exemption provision that Appellees advance in their Response, their argument fails.

Finally, Appellees have not met their *prima facie* burden under the TCPA of providing clear and specific evidence for each element of their claims. TEX. CIV. PRAC. & REM. CODE § 27.005(c); *see also In re Lipsky*, 460 S.W.3d 579, 590 (Tex. 2015). Appellees continue to offer summary allegations supported by no details or evidence other than their own conclusory allegations. This is insufficient under the TCPA.

The Court should reverse the trial court's order denying Appellants' motion to dismiss under the TCPA, and remand for appropriate proceedings.

**ARGUMENT**

**I. APPELLANTS HAVE MET THEIR BURDEN OF ESTABLISHING THE TCPA APPLIES TO APPELLEES' CLAIMS.**

**A. The Authority on Which Appellees Rely on Freedom of Association is Inapplicable.**

Rather than responding to the authorities cited by Appellants regarding the right of association (*see* Appellants' Brief at 19–21), Appellees argue the TCPA does not apply because their "claims relate to statements made prior to Appellants' right to associate with others about potential business dealings." Response at 4; *see also id.* at 7–10. Citing *LFMC Enterprises*, Appellees argue in particular their "claims did not occur at the time Appellants associated with another to go into business." Response at 9; *see LFMC Enterprises, LLC v. Baker*, No. 01-17-00558-CV, 2018 WL 1474203, *2–3 (Tex. App.—Houston [1st Dist.] Mar. 27, 2018, rule 53.7(f) motion granted).

The TCPA has no such requirement, nor does *LFMC Enterprises* hold that there is. *See Lippincott v. Whisenhunt*, 462 S.W.3d 507, 509 (Tex. 2015) (per curiam) (in deciding whether the TCPA applies, courts look to its plain statutory text). The *LFMC Enterprises* case (a "lawsuit over a bar fight") does not stand for the proposition that statements and

3

associations must be contemporaneous with the events giving rise to the claims. *See* 2018 WL 1474203, at \*1. The Court of Appeals made no temporal distinction about the association or communications.

Instead, the TCPA did not apply because the defendants were not asserting their own right of association—but that of their patrons—which "was fatal to their motion." *LFMC Enterprises, LLC*, 2018 WL 1474203, at \*1. "The appellants suggest that the nightclub operating on their premises facilitates the exercise of the right of association by bar patrons, and even their agents and employees, but they provided no evidence that *their own associational rights*, as defined by the statute, were implicated by the nuisance claims." *Id.* (emphasis added).

If the defendants had been asserting their own right of association, the result might have been different. The Court's analysis did not turn on timing, but instead implicitly acknowledged the communications did not need to be contemporaneous at all. *See id.* at \*4 ("[T]he appellants in this appeal do not allege or provide evidence to suggest that the nuisance claim was based on, related to, or in response to their past *or future* communications with others at the nightclub.") (emphasis added).

4

*LFMC Enterprises* is inapposite because Appellants assert their own rights of association—both in the form of not associating with Appellants and choosing to communicate and associate with another company. *See* Appellants' Brief at 19–21. A legal action implicates a movant's right of "association" when it relates to a "communication between individuals who join together to collectively express, promote, pursue, or defend common interests." TEX. CIV. PRAC. & REM. CODE § 27.001(2). The TCPA broadly applies to any claim that is "based on, relates to, or is in response to the party's exercise" of the right to associate. *Id.* § 27.005(b). "Relates to" ordinarily means "having a connection with or reference to" and is a broad term that should be construed expansively. *See Colorado v. Tyco Valves & Controls, L.P.*, 432 S.W.3d 885, 890 (Tex. 2014).

The communications Appellees focus on clearly "relate to" the exercise of Appellants' right of association. They claim, for example, that Long "guaranteed Wilson that when the [Military] contract was awarded Wilson would be the manufacturer." (CR 69; *see also* CR 26–28, 30, 53, 64.) These alleged communications concern Appellants' right of association in the procurement and supply of a government Military

5

contract for the national defense, and qualify as "related to" the "right of association" under the TCPA's plain language. Therefore, the TCPA applies because Appellees' claims target Appellants' rights of association as defined in the statute.

**B. Texas Courts Have Squarely Rejected Appellees' Argument that the TCPA Applies Only to Speech by "Politically and Socially Active Individuals."**

With regard to speech, Appellees abandon their argument that the TCPA distinguishes between public and private speech and now argue that the communications in question "are not matters of public concern" because the "statements are misrepresentations about a commercial business venture." Response at 12. They urge that the TCPA should apply only in cases involving "politically and socially active individuals" and not in a case "about a commercial transaction related to a government contract." Response at 13. As described in Appellants' Brief, Texas courts have repeatedly and squarely rejected this argument. *See* Appellants' Brief at 10, 17–18, 21–24. Appellants do not respond to these arguments and authorities.

Like the right of association, the TCPA's definition of the exercise of the right of free speech is broad and not limited to constitutional

6

concepts of free speech. "The TCPA casts a wide net" that "is not fully coextensive with the constitutional free-speech right protected by the First Amendment." *Adams*, 2018 WL 1883075, at *1, *3.

Instead, under the TCPA's plain language, a legal action impinges on a movant's right of free speech when it relates to "communication[s] made in connection with a matter of public concern," which expressly includes, *e.g.*, "an issue related to … economic, or community well-being; … the government; [or] a good, product, or service in the marketplace." TEX. CIV. PRAC. & REM. CODE §§ 27.001(3), (7). The TCPA's plain language confirms that the speech in question need not be actually about these specific issues but only "related to" them.

It is undisputed that Appellees' claims hinge on alleged communications regarding the business of manufacturing and procurement of products for the government, *i.e.*, the United States Military for use in Kuwait. The crux of Appellees' damage claim is that they were entitled to the profits of a Military contract for products to be used in the national defense. *See Adams*, 2018 WL 1883075, at *4 (finding plaintiff's claimed business damages to be "an admission" that the statements pertain to services in the marketplace for the purposes

7

of TCPA application). Facially, these are matters of public concern to which the TCPA applies. *See* TEX. CIV. PRAC. & REM. CODE § 27.001(7)(C); *see also* Appellants' Brief at 23–24 (citing authorities).

Ignoring the TCPA's plain language, Appellees focus on notions of political and social activism and traditional First Amendment protections. But the Texas Supreme Court has clearly held that the TCPA applies more broadly. "It does not follow from the fact that the TCPA professes to safeguard the exercise of certain First Amendment rights that it should *only* apply to constitutionally guaranteed activities." *Youngkin v. Hines*, No. 16-0935, 2018 WL 1973661, at \*4 (Tex. Apr. 27, 2018). "Whatever might be connoted by a reference to 'free speech' in other contexts, for purposes of the TCPA the 'exercise of the right of free speech' is defined as 'a communication made in connection with a matter of public concern.'" *Collins v. Collins*, No. 01-17-00817-CV, 2018 WL 1320841, at \*3 (Tex. App.—Houston [1st Dist.] Mar. 15, 2018, rule 53.7(f) motion granted) (mem. op.) (quoting TEX. CIV. PRAC. & REM. CODE § 27.001(3)); *see also Craig v. Tejas Promotions, LLC*, No. 03-16-00611-CV, 2018 WL 2050213, at \*5 (Tex. App.—Austin May 3, 2018, no pet. h.) ("[T]he Texas Supreme Court's TCPA

precedents instruct[] that we apply a 'plain-meaning' construction of the Act's broad terms that … operates largely independently of and extends considerably beyond the *constitutional* 'right of association,' 'speech,' or 'petition' that might otherwise have informed the meaning of those terms."). Appellees' request that this Court limit the TCPA's scope to traditional constitutional notions is therefore unsupportable under controlling Texas law.

The communications Appellees allege facially relate to matters of public concern—including safety, economic and community well-being, and the government—and Appellees' claims fall within the protections of the TCPA as exercises of Appellants' rights of free speech. *See* TEX. CIV. PRAC. & REM. CODE § 27.001(7)(A), (B), (C).

## II. THE TEXAS SUPREME COURT RECENTLY REJECTED APPELLEES' ARGUMENT ON THE TCPA'S EXEMPTION.

The TCPA exempts a limited class of cases from its scope, including "a legal action brought against a person primarily engaged in the business of selling or leasing goods or services, if the statement or conduct arises out of the sale or lease of goods, services, or … a commercial transaction in which the intended audience is an actual or

potential buyer or customer." Tᴇx. Cɪv. Pʀᴀᴄ. & Rᴇᴍ. Cᴏᴅᴇ § 27.010(b). Based on the undisputed facts and the Texas Supreme Court's recent decision in *Castleman*, Appellees have not met their burden of showing the TCPA's exemption applies because Appellees do not allege the intended audience of any communication was an "actual or potential buyer or customer" of Appellants. *Id.*; *see also Castleman*, 2018 WL 1975039, at *5.

Appellees argue that their claims are exempt from the TCPA because the parties were "contemplating a commercial transaction *between them* when Appellants made statements related to Appellees' claims." Response at 5–6 (emphasis added); *see also id.* at 13–18. Appellees' argument hinges on the position that the TCPA's exemption does not require the statements be made to an actual or potential customer of the defendant—because Appellants were neither. Instead, the communications were among potential business partners contemplating coming together for the purpose of selling products to the United States Military.

Appellees rely on a line of cases that the Texas Supreme Court rejected in April when it resolved a split in the Texas courts of appeals.

10

*See* Response at 14–16 & n.2 (arguing this Court should reject the "four-prong test for 'commercial speech'"). In particular, Appellees rely on the holdings of three cases that the Texas Supreme Court has now expressly rejected. *Id.* at 13–18 (discussing *Redflex Traffic Sys., Inc. v. Watson*, No. 02-16-00432-CV, 2017 WL 4413156 (Tex. App.—Fort Worth Oct. 5, 2017, no pet.) (mem. op.); *Global Tel\*link Corp. v. Securus Techs., Inc.*, No. 05-16-01224-CV, 2017 WL 3275921 (Tex. App.—Dallas July 31, 2017, pet. dism'd); *Castleman v. Internet Money Ltd.*, No. 07-16-00320-CV, 2017 WL 1449224 (Tex. App.—Amarillo Apr. 19, 2017), *review granted, judgment rev'd*, No. 17-0437, 2018 WL 1975039 (Tex. Apr. 27, 2018)).

In *Castleman*, the Texas Supreme Court squarely rejected Appellees' argument when it clarified the scope of the commercial speech exemption and applied the same four-part test on which Appellants rely, and which Appellees ask this Court to eschew.[1] *See Castleman*, 2018 WL 1975039, at \*2–3 (acknowledging and resolving

---

[1] The Supreme Court's opinion in *Castleman* was issued on April 27, 2018, four days before Appellees filed their Response.

split in favor of four-prong test). The Supreme Court confirmed that the TCPA exemption applies

> when (1) the defendant was primarily engaged in the business of selling or leasing goods [or services], (2) the defendant made the statement or engaged in the conduct on which the claim is based in the defendant's capacity as a seller or lessor of those goods or services, (3) the statement or conduct at issue arose out of a commercial transaction involving the kind of goods or services the defendant provides, and (4) <u>the intended audience of the statement or conduct were actual or potential customers of the defendant for the kind of goods or services the defendant provides</u>.

*Id.* at *3 (emphasis added); *compare with* Response at 14–15 & n.2. As a result, the previous split among the courts of appeals is resolved and it is settled Texas law "that 'the intended audience' of the statement or conduct must be actual or potential customers *of the defendant*." *Castleman*, 2018 WL 1975039, at *5 (emphasis added).

In reaching this holding, the Supreme Court disapproved of the same three cases on which Appellees heavily rely in their Response. *Compare id.* at *3 n.3 (citing *Global Tel\*Link*, *Redflex*, and the Amarillo Court of Appeals' decision in *Castleman* as among the cases taking the approach that the Supreme Court rejected in its opinion), *with*

Response at 13–18 (discussing and asking this Court to apply the same three cases).

Instead, the Supreme Court approved the cases on which Appellants rely in their opening brief, adopting the requirement that a communication be made to the defendant's actual or potential customer in order for the TCPA exemption to apply. *Compare Castleman*, 2018 WL 1975039, at *2 & nn.1–2 (citing, among other cases, *Backes v. Misko*, 486 S.W.3d 7, 21 (Tex. App.—Dallas 2015, pet. denied); *Kinney v. BCG Attorney Search, Inc.*, No. 03-12-00579-CV, 2014 WL 1432012, at *6 (Tex. App.—Austin, Apr. 11, 2014, pet. denied) (mem. op.); *Better Bus. Bureau of Metro. Hous., Inc. v. John Moore Servs., Inc.*, 441 S.W.3d 345, 354 (Tex. App.—Houston [1st Dist.] 2013, pet. denied); *Newspaper Holdings, Inc. v. Crazy Hotel Assisted Living, Ltd.*, 416 S.W.3d 71, 89–90 (Tex. App.—Houston [1st Dist.] 2013, pet. denied); *Better Bus. Bureau of Metro. Dall., Inc. v. BH DFW, Inc.*, 402 S.W.3d 299, 309 (Tex. App.—Dallas 2013, pet. denied)), *with* Appellants' Brief at 25–28 (citing same cases).

As detailed in Appellants' Brief, it is undisputed that the alleged statements were not made to any actual or potential buyer or customer

of Appellants but, instead, between Appellants and Appellees. Therefore, the Texas Supreme Court's decision in *Castleman* controls. Because Appellees do not allege or present any evidence that the statements in question were made to Appellants' buyers or customers, the TCPA's exemption does not apply.

Finally, Appellees have failed to meet their burden of showing the other three prongs of the TCPA exemption apply. *See, e.g.*, *BH DFW, Inc.*, 402 S.W.3d at 309. Appellees cite no evidence and make no argument to support the applicability of the TCPA exemption to the specific facts of this case. Appellees offer no evidence that either Long or Solar Mod is "primarily engaged" in the business of selling or leasing goods or services. *See* TEX. CIV. PRAC. & REM. CODE § 27.010(b). They also do not argue that any statement arose from the sale of "goods or services." *See id.* Other than generally claiming this case involves "commercial speech," Appellees do not show that the "intended audience" of Appellants' alleged statements was "an actual or potential buyer or customer" of anyone. *See id.* Appellees have thus not carried their burden of showing any TCPA exemption applies. *See Kinney*, 2014 WL 1432012, at *6–7; *Newspaper Holdings*, 416 S.W.3d at 88–89.

**III. APPELLEES FAILED TO PRODUCE CLEAR AND SPECIFIC EVIDENCE ESTABLISHING A *PRIMA FACIE* CASE FOR EACH ESSENTIAL ELEMENT OF THEIR CLAIMS.**

**A. Appellees Do Not Address the Issue of Whether Their Affidavits are Substantively Defective.**

Claiming they have made a *prima facie* case, Appellees' Response recites conclusory factual allegations from their own affidavits. As discussed in Appellants' brief, these affidavits are substantively defective and incompetent evidence. *See* Appellants' Brief at 29–31; *see also, e.g.*, *Kerlin v. Arias*, 274 S.W.3d 666, 668 (Tex. 2008) (per curiam) (affidavit showing no basis for personal knowledge is legally insufficient); *Paragon Gen. Contractors, Inc. v. Larco Const., Inc.*, 227 S.W.3d 876, 883–84 (Tex. App.—Dallas 2007, no pet.) ("Conclusory affidavits do not raise fact issues.") (citing *Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996)).

Appellees do not respond to this issue raised in Appellants' brief, which is alone sufficient to find Appellees did not satisfy their *prima facie* burden under the TCPA. *See* TEX. CIV. PRAC. & REM. CODE § 27.005(c).

**B.** **Appellees Have Otherwise Failed to Meet Their *Prima Facie* Burden.**

Appellees recite the same general and conclusory factual allegations in their Response that they advanced in the trial court. *See* Appellants' Brief at 31–55. These allegations do not show clear and specific evidence to support each element of their fraud and negligent misrepresentation claims. *See* TEX. CIV. PRAC. & REM. CODE § 27.005(c); *see also In re Lipsky*, 460 S.W.3d at 590.

Appellees do not allege any misrepresentations attributable to Solar Mod. Instead, Appellees generally allege that Long and Solar Mod are alter egos, attempting in a single sentence to attribute alleged statements by Long to the entity. *See* Response at 20 ("Appellants Long and Solar Mod are either a joint enterprise, or else Solar Mod is an alter ego of Long."). As in the trial court, Appellees offer no law or details to support this conclusory allegation. Because this does not satisfy the TCPA's standard, Appellees' fraud and negligent misrepresentation claims against Solar Mod fail.

The remainder of Appellees' Response does nothing more than recite the basic allegations made in the trial court without responding

to the various deficiencies raised in Appellants' Brief. *Compare* Appellants' Brief at 31–55, *with* Response at 19–25. They do not address the alleged statements' materiality. They do not respond to Appellants' argument and legal authorities requiring a duty to disclose before the omission of information is actionable as fraud. *See Bradford v. Vento*, 48 S.W.3d 749, 755–56 (Tex. 2001). They do not address the lack of evidence regarding intent to induce reliance, as required to sustain a fraud claim. Nor do they articulate a reason why, in this arm's length transaction, any reliance by Appellees was justifiable. The failure of any one of these elements forecloses Appellees' claims.

Finally, Appellees' damages argument is wholly deficient under the TCPA's clear-and-specific standard, as applied by the Texas Supreme Court. *Compare* Appellants' Brief at 43–47, 54–55, *with* Response at 22, 24–25. "[G]eneral averments of direct economic losses and lost profits, without more, [do not] satisfy the minimum requirements of the TCPA." *In re Lipsky*, 460 S.W.3d at 593; *see also Elliot v. S&S Emergency Training Solutions, Inc.*, No. 05-16-01373-CV; 2017 WL 2118787, at *6 (Tex. App.—Dallas May 16, 2017, pet. filed) (mem. op.). Appellees have done nothing more than offer general

averments, which under *Lipsky* is insufficient to satisfy the TCPA. *See* Appellants' Brief at 43–47 (detailing the wide variety of information absent from Appellees' conclusory allegation they suffered damages, including any information about assets, sales, revenues, expenses, or other information from which alleged lost profits could be evaluated).

Appellees have failed to meet their *prima facie* burden under the TCPA for the reasons above and those detailed in Appellants' Brief.

## CONCLUSION AND PRAYER

For the foregoing reasons, Appellants respectfully request that the Court reverse the trial court order denying their TCPA Motion to Dismiss, render judgment dismissing Appellees' common law fraud and negligent misrepresentation claims with prejudice, and remand to the trial court for determination of attorney's fees and sanctions under Section 27.009 and for further proceedings on Appellants' pending claims against Appellees.

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

By: _____

Kendyl T. Hanks
State Bar No. 24032273
hanksk@gtlaw.com
300 West 6th Street, Suite 2050
Austin, Texas 78701
Telephone: (512) 320-7200
Facsimile: (512) 320-7210

P. William Stark
State Bar No. 24046902
starkb@gtlaw.com
Brennwyn B. Romano
State Bar No. 24099028
romanob@gtlaw.com
2200 Ross Avenue, Suite 5200
Dallas, Texas 75201
Telephone: (214) 665-3600
Facsimile: (214) 665-3601

*Counsel for Appellants Michael D. Long and Solar Mod Systems, Inc.*

19

**CERTIFICATE OF COMPLIANCE**

In compliance with Texas Rule of Appellate Procedure 9.4(i), I hereby certify that the foregoing document is a computer-generated document containing 3,424 words. The undersigned relied upon the word count feature of her word processing program to determine the word count.

 

 

_____
Kendyl T. Hanks

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served on counsel of record by using the Court's e-filing system on June 4, 2018, addressed as follows:

W.D. Masterson
wdm@kilgorelaw.com
Theodore C. Anderson
tca@kilgorelaw.com
3109 Carlisle
Dallas, Texas 75204
Telephone: (214) 969-9099
Facsimile: (214) 953-0133

*Counsel for Appellees*
*James D. Vincent, Jr. and*
*Randall T. Wilson*

Kendyl T. Hanks