In The
*Court of Appeals*
*Ninth District of Texas at Beaumont*
NO. 09-18-00467-CV

ANGELA HARVEY, Appellant

V.

OLSHAN FOUNDATION REPAIR COMPANY OF HOUSTON LLC,
AND DOUG JOSLYN, Appellees

On Appeal from the 284th Judicial District Court
Montgomery County, Texas
Trial Cause No. 15-09-10110-CV

## MEMORANDUM OPINION

Angela Harvey, the beneficiary of a warranty sold to her by Olshan Foundation Repair Company of Houston LLC, appeals from the trial court's ruling granting the motions for summary judgment of the defendants, Olshan and Doug Joslyn. Harvey sued Joslyn because he is one of the previous individuals who owned the home, but he did not own the home when Harvey acquired it in 2013.

1

Harvey filed a brief raising two issues for our review. In Harvey's first issue, she argues the judgment should be reversed because while she asked the trial court for written findings to support its ruling, the court failed to comply. In Harvey's second issue, she contends that, given the evidence she produced with the response she filed to Olshan's motion, genuine issues of material fact remain to be decided on the elements on five of her claims, her claims alleging Olshan breached the express warranty it made to her to repair the foundation, breached the implied warranty of good and workmanlike repairs based on the work it did for one of the earlier homeowner s of the home, breached its agreement with her to repair the foundation properly, committed fraud, and violated the DTPA.

We conclude that Harvey's argument suggesting the trial court erred in failing to honor her request for written findings is without merit. As that's the sole error Harvey assigns to the trial court's ruling on Joslyn's motion, the take-nothing judgment the trial court rendered against Joslyn is affirmed. Turning to Harvey's remaining issue, which assails the trial court's ruling on Olshan's motion, we conclude the ruling should be affirmed on two of Harvey's claims, her claim alleging Olshan breached its implied warranty of good and workmanlike repair and her claim alleging Olshan committed fraud. That said, we also conclude the record does not support the trial court's remaining rulings on the claims Harvey filed against Olshan

alleging Olshan breached the terms of the express warranty it made to her covering its work, breached its contract to repair it work, and violated the DTPA.

Background

The home involved in the suit is in Montgomery County, Texas. Harvey bought the home in 2013 from Sharon and James Thompson. Before they sold the home to Harvey, but on a date the record fails to show, the Thompsons hired Olshan to repair the foundation supporting their home. The evidence does not show when Olshan completed the repairs it performed for Thompsons, nor does it contain the written agreement between the Thompsons and Olshan, which would have provided information relevant to the scope of the work Olshan performed. In any event, the dispute in this case hinged on whether the evidence the parties provided in the trial court shows that Olshan worked on the foundation in the area that Harvey claimed the foundation was in need of repair, an area the parties referred to as the back addition to Harvey's home. We will refer to the area Harvey sued Olshan for refusing to repair as the area in dispute.

When Harvey was negotiating her purchase of the home, the Thompsons gave her a written statement, which discloses that the foundation had been repaired. A copy of the disclosure statement the Thompsons gave Harvey in connection with the transaction that resulted in the home's sale is among the summary-judgment evidence the parties provided in the court below. While the Thompsons' disclosure

3

reveals they were aware that work had been done on the foundation, it does not show who did the work, when it was done, or explain the scope of the repairs that at some point were completed to the home.

Before closing on the home, Harvey hired a home inspector to inspect the home. The inspection service did so and provided her with a report. In the report, which is dated July 2013, the inspection services reported that signs of movement were visible around the foundation, at the front entry and above the half bath. The report recommends that before purchasing the property, Harvey should hire a "qualified structural engineer or foundation expert . . . to determine if permanent repairs are required." The report is among the summary-judgment exhibits Olshan filed to support its hybrid motion.

After Harvey received the report, she hired Texans Foundation Repair to inspect and evaluate the foundation. After Texans Foundation did so, it recommended the foundation needed repairs and gave Harvey a bid to stabilize the foundation "at [a] feasible level[,]" which Texans Foundation proposed to accomplish by installing twenty-five additional piers under the existing foundation. The bid is among the summary-judgment exhibits the trial court considered in deciding Olshan's motion.

Olshan took Harvey's deposition during discovery. Olshan also relied on Harvey's deposition in its motion for summary judgment. In her deposition, Harvey

testified that, in July 2013, she learned from Texans Foundation that the home's foundation had been repaired. She also testified that she learned the foundation needed to be repaired in the area in dispute. While acknowledging that Texans Foundation had given her a bid, Harvey explained she chose not to hire the company to perform any repairs because she decided to rely on the lifetime warranty Olshan sold her guaranteeing to repair the work it had done on the foundation in the past.

Several months after buying the house, and after paying Olshan fee to transfer the warranty Olshan gave the Thompsons on its work to her, Harvey asked Olshan to inspect the foundation supporting what was, at that point, her home. In its motion for summary judgment, Olshan alleged it "honored its warranty, [by] adjusting pilings it had previously installed."[1] Olshan also alleged that it never worked on the "back addition" to the home, that is, the area in dispute. And Olshan's motion alleges that Harvey could produce no evidence to show that Olshan ever worked on the foundation in the area in dispute. In its motion, Olshan acknowledged that it

---

[1] Olshan and Harvey did not provide the trial court with any paperwork on Olshan's work or the paperwork associated with Olshan's lifetime warranty and Olshan's agreement transferring the warranty to Harvey. Yet, Olshan has never disputed that Harvey acquired the warranty on the foundation for the work it did there. Thus, the dispute concerns whether the lifetime warranty applies to the area in dispute. For instance, Olshan's motion for summary judgment alleges that its warranty "only covers the work" Olshan did on the foundation, "not new issues that might arise in other portions of [the] home's foundation." And while Olshan alleged it never worked in the area in dispute, it did not produce corporate records or testimony from its employees explaining what parts of the foundation were included in the repairs it was paid to perform by the Thompsons.

transferred the lifetime warranty on its work that it provided to the Thompsons to Harvey after Harvey purchased the home.

In March 2016, Harvey called Olshan and requested the company come out and perform some additional work on her foundation. According to Harvey's affidavit, which she filed to support her response to Olshan's motion, Olshan conducted another inspection of the foundation in 2016. In that inspection, according to Harvey's affidavit, Olshan's site supervisor "produced a diagram showing the work that they had done and the work that they were recommending." Harvey also swore that Olshan's site supervisor told her that Olshan had not used a proper method when repairing a pier under the home's back addition. Harvey's summary-judgment response includes a copy of the diagram that she referred to in her affidavit. The diagram bears Olshan's logo. When viewed in the light favoring the evidence, Harvey's summary-judgment evidence offers some evidence to show that Olshan did some work on the foundation in the area in dispute. Harvey also wore in her affidavit that she first learned in March 2016 that Olshan was refusing to honor its lifetime warranty.

Harvey sued Olshan in October 2016, which is seven months after Harvey's affidavit states she first learned that Olshan would not repair the foundation in the area in dispute. Harvey's petition includes seven claims against Olshan, but she challenges the trial court's summary-judgment rulings on just five of these claims in

6

the appeal. We focus on the claims she challenges in her appeal, her claims against Olshan for breach of express warranty, breach of implied warranty, breach of contract, fraud, and for violating the DTPA.

In June 2018, Olshan moved for summary judgment against Harvey by filing a combined no-evidence and traditional motion for summary judgment. In its hybrid motion, Olshan alleged that Harvey was not entitled to a trial because she could produce no evidence showing that it ever worked on the foundation in the area in dispute. Olshan also claimed that Harvey could produce no evidence to support one or more of the elements that she had to prove to prevail on her other claims. It also alleged that Harvey's acts and omissions were the sole cause of the damages she was seeking to recover through her suit. Olshan also raised a statute of limitations defense on Harvey's DTPA and for breach of implied warranty claims, alleging that her claims were barred because she had not sued within the two-year period applicable to those claims.

Olshan filed the following evidence to support the traditional section of its hybrid motion:

- A copy of the transcript from Harvey's deposition;

- The inspection report Harvey received from the inspection service that she hired before she bought the Thompsons' home;

- The disclosure notice the Thompsons gave Harvey in connection with her purchase of their home; and

7

- The report from Texans Foundation Repair.

Harvey responded with evidence of her own, which includes the following exhibits:

- An affidavit signed by William Lee Campbell Jr., the president of ACW Engineering and Construction LLC. Campbell's affidavit reflects that he examined the foundation under Harvey's home, including the foundation under the addition at the back of the home. In his affidavit, Campbell states the "addition's foundation lacks the requisite elements to adequately support the structure and is therefore defective by its very nature."

- A report bearing a stamp that marks the report as a draft. The draft report contains the engineering seal of Phillip Eugene Johnson, a registered professional engineer. The draft report is written on ACW Engineering and Construction, LLC's letterhead. In the draft report, Johnson criticizes Olshan's work. He concludes "we believe that the foundation repair conducted by Olshan contributed to the damage to the foundation at this location."

- An affidavit signed by Angela Harvey. Harvey's affidavit states that she decided not to have Texans Foundation repair the foundation because she chose instead to "rel[y], to [her] detriment, on Olshan's representation that Olshan's "PREVIOUS WORK" would be covered[,]" given that Olshan had warranted its work and promised "to take responsibility for its previous work and repair corresponding damage." Harvey also swore that, in March 2016, Olshan's supervisor told her "Olshan should not have used a cable-lock pier under the addition to my home; he stated that the proper repair would have been a foam type product injected in several locations under my home's addition."

- Harvey's affidavit also avers she first learned that Olshan would not honor its lifetime warranty on March 4, 2016.

In Harvey's response, she argued the summary-judgment evidence establishes that material issues of fact remain on her claims alleging Olshan breached its express

8

warranty, breached an implied warranty of workmanlike repair, breached its agreement promising repairs, committed fraud, and violated the DTPA. In November 2018, the trial court granted Olshan's and Joslyn's hybrid motions, but when granting the motion, the trial court provided the parties with no specific explanation stating the grounds on which the motion was being granted. In the order granting Olshan's hybrid motion, after noting it was granting the motion, trial stated: "This is a final judgment and disposes of all parties and claims."

Harvey filed a timely notice of appeal from the trial court's final judgment granting summary judgment. Harvey raises two issues in her brief. In her first issue, she argues the order granting Joslyn's motion and the order granting Olshan's motion should be reversed because the trial court failed to honor her request asking the trial court for written findings. Harvey's second issue complains only about the merits of the trial court's ruling granting Olshan's hybrid motion. In Harvey's brief, she argues the summary-judgment evidence shows material issues of fact exist on her claims against Olshan for (1) breach of express warranty, (2) breach of implied warranty, (3) breach of contract, (4) fraud, and (5) on her claim alleging Olshan violated the DTPA. In another part of the argument Harvey provides in her brief to support her second issue, she contends Olshan failed to meet its summary-judgment burden to prove that her implied warranty and DTPA claims are barred by the two-year statute of limitations.

9

Analysis

*Failure to honor Harvey's request for written findings*

In her first issue, Harvey argues the trial court's failure to honor her request for written findings has interfered with her right to prepare a brief explaining why the trial court's rulings should be reversed. We disagree. To obtain a summary judgment, the movant must establish that, as a matter of law, it is entitled to a ruling in its favor on its motion.[2] Thus, written findings explaining a trial court's ruling on a motion for summary judgment are not needed in an appeal to allow a reviewing court to decide whether the trial court erred in grating the motion.[3] For that reason, "a request for findings and conclusions following summary judgment can have no purpose, should not be filed, and if filed, should be ignored by the trial court."[4]

Because Harvey was not entitled to written findings, we conclude her first issue lacks merit.[5] And because Harvey assigned no additional error to the trial

---

[2]Tex. R. Civ. P. 166a(c), (i).

[3]*See King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003).

[4]*See IKB Indus. (Nigeria) Ltd. v. Pro-Line Corp.*, 938 S.W.2d 440, 441-42 (Tex. 1997).

[5]In issue one, Harvey also suggests that Olshan was required but failed to allege that "an adequate time for discovery [had] passed." But Rule 166a(i) merely requires that adequate time pass before the movant seeks to obtain a no-evidence summary judgment, it does not require the party filing the motion to expressly allege that adequate time has passed in its motion. *See* Tex. R. Civ. P. 166a(i). Moreover, Harvey makes no claim that the time in which she had to address Olshan's motion was insufficient. And finally, Harvey brought Olshan into the suit in her third amended petition, which she filed in October 2016. Olshan did not move for

10

court's ruling as to Joslyn's motion, the trial court's ruling granting Joslyn's motion for summary judgment is affirmed.[6]

## *Standard of Review*

In Harvey's second issue, she complains the trial court's ruling granting Olshan's hybrid motion should be reversed on five of the claims she asserted in the petition she filed when she sued. On appeal, a ruling granting a party's motion for summary judgment is reviewed de novo.[7] When the trial court's judgment has not specified the exact basis on which the trial court granted the motion, the reviewing court must affirm the "summary judgment if any of the grounds asserted are meritorious."[8]

Olshan filed a combined hybrid motion for summary judgment, which means its motion raised both no-evidence and traditional grounds. In one section of its hybrid motion, Olshan asserted that Harvey could produce no evidence to support

---

summary judgment on Harvey's claims until June 2018, so it's obvious why she chose not to claim she needed more time to prepare her response to its motion. To the extent she seems to suggest the adequate time for discovery requirement is one that the movant must plead as a predicate fact, the argument is overruled.

[6]*See* Tex. R. App. P. 38.1(i) ("The brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record."); *see also J.W. Garrett & Sons, Inc. v. Snider*, No. 09-14-00306-CV, 2015 WL 5731291, at *5 (Tex. App.—Beaumont October 1, 2015, pet. denied) (explaining the appellate court does not have the responsibility to make the arguments to reverse the trial court's ruling).

[7]*Lightning Oil Co. v. Anadarko E&P Onshore, LLC*, 520 S.W.3d 39, 45 (Tex. 2017).

[8]*Id*.

the elements of her various claims. In another section of its motion, Olshan argued the summary-judgment evidence it filed to support its motion established, as a matter of law, that Harvey was not entitled to prevail on her claims. In an appeal addressing a ruling granting a hybrid motion, we must first decide whether the trial court's ruling can be sustained on the no-evidence section of the hybrid motion.[9]

In no-evidence motions, the motion must allege that no evidence supports one or more of the essential elements of the plaintiff's claim.[10] Thus, the motion must state "the elements [of the claims on] which [it is claiming] there is no evidence."[11] When the motion contains the required no-evidence allegations, the burden of proof shifts to the plaintiff to produce evidence demonstrating that a genuine issue of material fact exists on the challenged elements of the plaintiff's claim.[12] When deciding the no-evidence motion, the trial court must grant the motion if

> (a) there is a complete absence of evidence of a vital fact, (b) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (c) the evidence offered to prove a vital fact is no more than a mere scintilla, or (d) the evidence conclusively establishes the opposite of the vital fact.[13]

---

[9]*Id.*
[10]Tex. R. Civ. P. 166a(i).
[11]*Id.*
[12]*Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006).
[13]*King Ranch, Inc.*, 118 S.W.3d at 751; *see also* Tex. R. Civ. P. 166a(i).

12

Relying on the evidence that it attached to its motion, Olshan argued that the evidence shows it was entitled to judgment as a matter of law.[14] In reviewing summary judgment evidence, courts "take as true all evidence favorable to the nonmovant, and [] indulge every reasonable inference and resolve any doubts in the nonmovant's favor."[15]

### *The express warranty claim*

To recover on a claim alleging breach of an express warranty that involves a repair, the plaintiff must prove (1) the defendant sold a repair service to the plaintiff; (2) the defendant represented the services had characteristics they did not, which can be based either on evidence showing the defendant affirmed some fact that involved the quality of its service, made a promise regarding the service, or described services the defendant then failed to perform; (3) the defendant's representation became part of the parties' bargain; (4) the defendant breached the warranty that it gave the plaintiff; (5) the plaintiff notified the defendant of the breach; and (6) the defendant's breach caused the plaintiff to suffer an injury.[16]

In the no-evidence section of its motion, Olshan alleged that Harvey had "no evidence of any defect in Olshan's work that would have been covered by [Olshan's]

---

[14]*See* Tex. R. Civ. P. 166a(c); *Hillis v. McCall*, 602 S.W.3d 436, 439-40 (Tex. 2020).

[15]*Hillis*, 602 S.W.3d at 440 (cleaned up).

[16]*Paragon Gen. Contractors, Inc. v. Larco Const., Inc.*, 227 S.W.3d 876, 886 (Tex. App.—Dallas 2007, no pet.).

transferable warranty[,]" which, as we understand the parties' arguments, is the area in dispute. That said, Olshan never denied having worked in some areas on the home's foundation. Also, Olshan never denied having provided Harvey with a transferable warranty on the foundation as to the areas on the foundation in which it had done work.

To defeat Olshan's no-evidence motion on Harvey's express warranty claim, Harvey needed to produce evidence showing that a genuine issue of fact remained about whether Olshan had worked in the area in dispute.[17] For instance, in her brief, Harvey has not argued the evidence shows that Olshan's warranty covered areas on the foundation where Olshan never worked. Thus, we focus on whether the evidence in the record demonstrates that an issue of material fact remains about whether Olshan worked on the foundation in the area at issue in the dispute.

To support her argument, Harvey points to her affidavit and the drawing Olshan's supervisor gave her in March 2016. In the affidavit, Harvey swore that, when speaking to an Olshan supervisor, the supervisor said "Olshan should not have used a cable-lock pier under the addition to my home[.]" The "Building/Site Condition" drawing, a drawing bearing Olshan's company logo, is dated March 4, 2016. In some areas, the drawing was labelled "PREVIOUS WORK." While it's unclear from the drawing alone whether Olshan's drawing referencing previous

---

[17]*Id.*

14

work was intended to mean its previous work as opposed to someone else's, the summary judgment standard requires that court construe the evidence and resolve all doubts about summary judgment evidence in the non-movant's favor.[18] Here, when referring to the diagram, Harvey swore that "Olshan's diagram shows that at least one pier, which is marked with an **"X"** next to a **-.60"** in the upper left-hand side of the diagram, is to the right of the door leading to the deck and is under the addition to my home." Boiling it down, the record contains evidence raising an issue of material facts as to whether Olshan worked on the foundation in the area in dispute.

Olshan also asserted in its no-evidence motion that Harvey could produce no evidence showing the work that it did on the home's foundation was defective and damaged Harvey. Harvey defeated these arguments with the evidence she filed to support her response. Harvey's summary-judgment evidence includes an affidavit from William Campbell Jr., the president of a construction company, and an engineering report, signed by Phillip Eugene Johnson, a registered professional engineer. The affidavit and the report address Campbell's and Johnson's views that Olshan's work on the foundation was defective work and contributed to the damages they saw when the inspected the foundation supporting Harvey's home. We

---

[18]*See Hillis*, 602 S.W.3d at 440.

conclude the summary-judgment evidence demonstrates questions of fact remain on Harvey's breach of express warranty claim.

In the traditional section of Olshan's motion, Olshan relied on four exhibits to support its argument that the evidence conclusively proved that its express lifetime warranty did not extend to the area in dispute. But Olshan's evidence, a copy of Harvey's deposition, a copy of the home inspection report Harvey received from her home inspection service before purchasing the home, the disclosures signed by the Thompsons, and the bid that Texans Foundation gave Harvey recommending that the foundation was in need of repair, merely show that Harvey was on notice of the fact that problems existed with her foundation and that it needed to be repaired. In other words, Olshan's summary-judgment evidence fails to conclusively establish that Olshan's lifetime warranty did not apply to the area in dispute.

We conclude the trial court erred in granting Harvey's hybrid motion on Harvey's breach of express warranty claim.

### *The claim for breaching the implied warranty to repair tangible property*

In a suit alleging the defendant breached an implied warranty to repair tangible property, the plaintiff must prove (1) the defendant sold a service to repair the property to the plaintiff; (2) the services involved repairing or modifying tangible property; (3) the defendant failed to perform the repair in a good and workmanlike

manner; and (4) the plaintiff was injured by the defendant's breach.[19] In its no-evidence motion, Olshan argued that Harvey could produce no evidence showing (1) that Olshan owed a duty to Harvey, (2) that Olshan failed to perform its work in a good and workmanlike manner, or (3) that Harvey was injured by its alleged breach.

Olshan's motion also alleges "[t]he transferable express warranty is the only contract that applies between Olshan and [Harvey.]" Here, none of the summary-judgment evidence suggests that Olshan's warranty covered areas where it never worked. And, since the parties agree that Olshan expressly warranted the work that it performed, its express warranty supersedes any implied warranty of good and workmanlike repair that might otherwise apply.[20]

Thus, we agree with Olshan's claim suggesting that the summary-judgment shows, as a matter of law, that Harvey cannot prevail on her implied breach of warranty claim. We affirm the trial court's ruling on Harvey's breach of implied warranty claim.

---

[19]*Parkway Co. v. Woodruff*, 901 S.W.2d 434, 438-39 n.3 (Tex. 1995)

[20]*Gonzales v. Sw. Olshan Found. Repair Co., LLC*, 400 S.W.3d 52, 57 (Tex. 2013); *see also Thoede v. Wortham*, No. 05-17-00191-CV, 2018 WL 3342692 (Tex. App.—Dallas July 9, 2018, no pet.).

17

*The breach of contract claim*

To prevail on a claim for breach of contract, the plaintiff must prove (1) a valid contract existed between the parties; (2) the plaintiff performed or offered to perform the contract; (3) the defendant breached the agreement; and (4) the plaintiff was damaged by the breach.[21] In the no-evidence section of its motion, Olshan alleged its transferable warranty is the only contract that exists between it and Harvey and that she could produce no evidence to show how Olshan had breached the obligations it had to her under that contract.

While we agree with Olshan that Harvey's claims are based on the terms in the express warranty she acquired from Olshan, her claim for breach of warranty is, in essence, a breach of contract claim.[22] Thus, because Olshan was not entitled to a summary-judgment on Harvey's breach of express warranty claim, she also has a valid breach of contract claim that she is entitled to pursue. We hold the trial court erred in granting summary judgment on Harvey's breach of contract claim.

---

[21]*Davis v. Texas Farm Bureau Ins.*, 470 S.W.3d 97, 104 (Tex. App.—Houston [1st Dist.] 2015, no pet.).

[22]S*ee Med. City Dallas, Ltd. v. Carlisle Corp.*, 251 S.W.3d 55, 63 (Tex. 2008) (rejecting the appellee's argument that the party that prevailed in the suit could not recover on its claim for attorney's fees when it asserted a breach of express warranty claim since a breach of express warranty claim is a claim for breach of contract).

## *The claim for common law fraud*

As to Harvey's fraud claim, Harvey needed to prove that Olshan (1) made a material representation that was false, (2) knew the representation was false, (3) intended to induce Harvey to act on the representation, and that (4) she relied on the representation and thereby suffered an injury.[23] When the alleged fraud involves a failure to perform a future promise that arose under a contract, the defendant's failure to perform is actionable as fraud only if the evidence shows that, when the defendant and plaintiff made the contract, the defendant did not intend to perform its contractual obligations at that time.[24] In other words, "the mere failure to perform a contract is not evidence of fraud."[25]

Here, Harvey produced no evidence showing that when Olshan transferred its lifetime warranty to her that it never intended to comply with its promise to repair any areas where it had worked. While a failure to perform is evidence of a contract claim, it is no evidence of fraud. Thus, we find the trial court did not err in granting Olshan's no-evidence motion on Harvey's claim alleging fraud.

---

[23]*Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 337 (Tex. 2011).

[24]*Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998).

[25]*Id.*

## *The DTPA claim*

To prevail on a claim alleging that a defendant violated the DTPA, the plaintiff must prove (1) the plaintiff is a consumer, (2) the defendant can be sued under the DTPA, (3) the defendant committed one or more wrongful acts, which includes the defendant's breach of an express or implied warranty, that violated the DTPA, and (4) the conduct the defendant committed that violated the DTPA was a producing cause of the plaintiff's damages.[26] In its hybrid motion, Olshan asserted that Harvey could not prove that she had the right to pursue a DTPA claim based on its argument that it did not breach its express warranty to repair and the parties did not create an implied warranty in the transaction relevant to their dispute.

A claim against a defendant for breaching an express warranty is actionable under the DTPA.[27] We have already explained why Harvey had the right to pursue her breach of express warranty claim since the summary-judgment evidence shows a genuine issue of fact exists about whether Olshan worked on the area in dispute. Since Harvey is a consumer under the DTPA and Olshan, at least arguably, violated the DTPA by refusing to honor its express warranty, we conclude Harvey produced sufficient evidence to overcome Olshan's hybrid motion on her DTPA claim.

---

[26]Tex. Bus. & Com. Code Ann. §§ 17.41-17.63; *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 649 (Tex. 1996).

[27]Tex. Bus. & Com. Code Ann. § 17.50(a)(2) (providing that a consumer may maintain an action for the breach of an express or implied warranty when the defendant's conduct caused the plaintiff's damages).

20

Olshan also argued that Harvey's DTPA claim was barred by its two-year statute of limitations defense. Thus, we must also address whether the trial court's ruling can be sustained on Olshan's affirmative statute of limitations defense to decide whether its summary-judgment ruling on Harvey's DTPA claim can be sustained. In the traditional section of its hybrid motion, Olshan asserted the two-year statute of limitations barred Harvey's DTPA claim. According to Olshan, Harvey failed to pursue her DTPA claim within two years of the date her claim accrued.

When moving for summary judgment based on an affirmative defense relying on a statute of limitations, the defendant must show the plaintiff did not institute her suit within the period the applicable statute of limitations proscribes.[28] If the defendant produces some evidence that shows the plaintiff's suit was not timely, the burden of proof shifts to the plaintiff, requiring the plaintiff to come forward with evidence showing that an issue of material fact remains about when her claim accrued.[29]

Under the DTPA, a plaintiff has two years from the date the defendant violates the DTPA to sue the defendant on a claim alleging the defendant violated the

---

[28]*Diversicare Gen. Partner, Inc. v. Rubio*, 185 S.W.3d 842, 846 (Tex. 2005).
[29]*Id.*

DTPA.[30] Generally, the plaintiff's "cause of action accrues 'when a wrongful act causes a legal injury, regardless of when the plaintiff learns of that injury or if all resulting damages have yet to occur.'"[31] But in cases involving the alleged breach of an express warranty to repair, the breach occurs—and the statute of limitations begins to run—when the party that made the warranty refuses to comply with a demand from the plaintiff that it perform its obligation to repair the property that it promised it would repair.[32]

In support of its statute of limitations defense, Olshan points to Harvey's deposition testimony stating she knew when she purchased the house in 2013 that the foundation was in need of repair. But that isn't the accrual date that is relevant to a breach of an express warranty to repair claim, as that type of claim accrues when the defendant refuses to honor its warranty. And here, the only evidence that reveals when Olshan refused to repair shows its refusal occurred around March 2016, which about seven months before Harvey sued.

---

[30]*See* Tex. Bus. & Com. Code Ann. § 17.565 ("All actions brought under this subchapter must be commenced within two years after the date on which the false, misleading, or deceptive act or practice occurred[.]").

[31]*Town of Dish v. Atmos Energy Corp.*, 519 S.W.3d 605, 609 (Tex. 2017) (quoting *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003)).

[32]*Austin Co. v. Vaughn Bldg. Corp.*, 643 S.W.2d 113, 115-16 (Tex. 1982).

We hold the summary judgment evidence fails to establish that Harvey's DTPA claim is barred by the two-year statute of limitations. Thus, we cannot uphold the trial court's summary-judgment ruling on Olshan's DTPA claim.[33]

## Conclusion

We conclude the trial court erred in granting summary judgment on Harvey's claims for breach of express warranty, breach of contract, and on Harvey's claims against Olshan for violating the DTPA. As to these three claims, the trial court's judgment is reversed. Even so, we hold the trial court properly granted Olshan's hybrid motion on Harvey's claims alleging Olshan breached an implied warranty of repair and engaged in conduct that Harvey alleged actionable on her theory of fraud. As to those two claims as well as the rulings on the claims from which Harvey did not appeal, the trial court's judgment is affirmed. Accordingly, we reverse the trial

---

[33]While Harvey's DTPA claim is governed by the DTPA's two-year statute, her breach of express warranty claim is governed by a four-year statute. Olshan did not contend the four-year statute of limitations barred Harvey's breach of express warranty or contract claims. S*ee* Tex. Civ. Prac. & Rem. Code Ann. § 16.051 (providing a four-year limitations period for "[e]very action for which there is no express limitations period, except an action for the recovery of real property, [to] be brought not later than four years after the day the cause of action accrues"); *see also* Tex. Bus. & Com. Code Ann. § 2.275 (specifying a four-year statute of limitations applies to breach of contract claims). And to the extent Olshan's argument possibly suggests that a two-year statute of limitations period applies to Harvey's express warranty claim, we disagree. The four-year limitations provisions in section 16.051 of the Texas Civil Practice and Remedies Code and section 2.275 of the Texas Business and Commerce Code allow a plaintiff to have four years from the breach of the warranty to file a claim that is allegedly covered under the express warranty.

court's judgment and remand the case for further proceedings on the claims Harvey pleaded against Olshan based on Olshan's alleged breached of its express warranty of repair, its alleged breach of its repair contract, and for allegedly violating the DTPA based on Olshan's alleged failure to honor its express warranty of repair.

AFFIRMED IN PART; REVERSED AND REMANDED IN PART.

_____
HOLLIS HORTON
Justice

Submitted on August 10, 2020
Opinion Delivered December 30, 2020

Before Kreger, Horton and Johnson, JJ.